### UNITED STATES COURT of APPEALS
### FIFTH CIRCUIT

---

### APPELLANT'S BRIEF

---

Michel Thomas,

**Plaintiff-Appellant**

v.



Grundfos, CBS; Mads Nipper; Henrik Christansen; Jonathan Hamp Adam; Henri Baek; Astrid Norgaard Fris; Steve Marshall; Billy Baxter; Terry Jalufka; Chau Nguyen; Paddi Riopelle; Lonnie Padilla; Thomas Braun Larsen; Grundfos Americas; Grundfos,

**Defendants- Appellees**

---

United States Court of Appeals Fifth Circuit Case No. 20-20505

appealed from

United States District Court Southern District of Texas, Houston Division

Case No. 4:18-cv-00557

---

Brief Filed by  Michel Thomas  Pro Se          Date: 05/07/2021
1127 Eldridge Parkway #300-167
Houston, Texas 77077
770-255-8917

UNITED STATES COURT OF APPEALS
OF FIFTH CIRCUIT

| | |
|---|---|
| **Michel Thomas** | ) |
| | ) |
| | ) |
| | ) No. 20-20505 |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **Grundfos** | ) |
| **Grundfos America** | ) |
| **Grundfos CBS** | ) |
| **Mads Nipper** | ) |
| **Henrik Christiansen** | ) |
| **Henri Baek** | |
| **Atrid Norgaard Fris** | |
| **Steve Marshall** | |
| **Paddi Riopelle** | |
| **Chau Nguyen** | |
| **Billy Baxter** | |
| **Lonnie Padilla** | |
| **Terry Jalufka** | |

## CERTIFICATE OF INTEREST PERSONS

Come now Michel Thomas, Appellant is filing this Certificate of Interest Persons with the

United States Court of Appeals 5th Circuit. The following persons may have an interest in the out come

of this appeal. They are as follow.

### PERSONS OF INTEREST

Lee H. Rosenthal

District Court Judge in lower case 4:18-cv-00557

Christina A. Bryan

1

Magistrate Judge in lower case 4:18;cv-00557

Grundfos

Corporation/Parent Company for Grundfos CBS
and Grundfos American

Grundfos Americas
being represented by Michael Mitchell

EEOC in Washington, DC/ Susan Oxford

Grundfos CBS
represented by Michael Mitchell

Mad Nipper
represented by Michael Mitchell

Henrik Christiansen
represented by Michael Mitchell

Thomas Braun Larsen
represented by Michael Mitchell

Jonathan Hamp- Adam
represented by Michael Mitchell

Steve Marshall
represented by Michael Mitchell

Paddi Riopelle
represented by Michael Mitchell

Billy Baxter
represented by Michael Mitchell

Chau Nguyen
represented by Michael Mitchell

Terry Jalufka
represented by Michael Mitchell
Lonnie Padilla
represented by Michael Mitchell

Link Staffing Management LLC
related case no. 21-20066
represented by Elizabeth Bolt

Stafflink
related case no. 21-20066
represented by Elizabeth Bolt

Link Staffing Services
related case no.21-20066
represented by Elizabeth Bolt

William Pitts
related case no. 21-20066
represented by Elizabeth Bolt

Karen Pitts
related case no. 21-20066
represented by Elizabeth Bolt

Mario Tamez
related case no.21-20066
represented by Elizabeth Bolt

Matt Trimble
related case no. 21-20066
represented by Elizabeth Bolt

Christine O'Brien
related case no. 21-20066
represented by Elizabeth Bolt

Those of all the persons who may have an interest in the outcome of this appeal.

Michel Thomas

1127 Eldrifdge Parkway # 300-167 Houston, Texas 77077/ 770-255-8917/ Date: 05/07/2021

## CERTIFICATE OF SERVICE

I Hereby certify a true and correct copy of this Certificate of Interested Persons were sent to defendants' attorney at  One Allen Center, 500 Dallas Street, #3000 Houston, Texas 77002  via United States Postal Service Certified Mail with signed receipt on 05/07/2021

Michel Thomas

4

**STATEMENT OF ORAL ARGUMENT**

Thomas do not feel that oral argument s is needed. This case is very straight forwards.

Michel Thomas

# TABLE of CONTENTS

| | Page |
|---|---|
| Anderson v, Liberty Lobby, Inc., 477 U. S. 242, 255 (1986) | 33 |
| Assad v. Phelps, 307 S. Ct. 361, 362, 415 S. E. 2d, 397, 398 (1992) | 25, 64, 69, 74, 75 |
| Ashcroft v. Bell Atl. Corp, v, Iqbal, 556 U. S. 662, 678 (2009) citing Twombly, 550 U. S. 544, 570 (2007) | 28, 29, 42 |
| Burlington Northern & Santa Fe Railway Co. v. White, 548 U. S. 53 (2006) | 30, 35, 36, 37, 40, 44, 51, 53, 55 |
| Crawford v. Metro. Gov't of Nashville and Davidson City Tennessee, 555 U. S. 271 (2009) | 52, 58 |
| Cristian v. Hunter Building and Manufacturing, LP, no. 17-20667 (5th Cir. 11/14/2018) | 58 |
| Criterion Co. v. State, 458 so. 2D 22( Fla, 1st DCA 1984) | 76 |
| Earle v. McVeigh, 91 S. CT. 503, 23 L. Ed. 398 (02/14/1876) Lexus 1374 | 11,13, 26, 69, 73-75 |
| EEOC v. Boh Bros Construction Co, LLC , 731 F. 3d 444 (5th Cir. 2013 | 18, 45 |
| EEOC v. Riteway Service Inc., no.15-60380 (5th Cir. 04/8/2016) | 57 |
| Faragher v. City of Boca Raton, 524 U. S. 775 (1998) | 49 |
| Felton v. Polles, 315 F, 3d 470, 486 (5th Cir. 2002 | 40 |
| Griffin v. Griffin, 327 U. S. 220, 66 S. Ct. 556, 90 L. Ed. 635 (02/25/1946) | 10,12, 13, 14, 15, 16, 25, 62, 63, 69, 74, 75 |
| Kopp v. Samaritan Health Services, 13 F. 3d 264, 269 ( 8th Cir. 1993) | 19, 46 |
| Joyce v. U. S., 474 2d  215 | 22, 25, 74, 76 |
| McMullins v. Miss. Dep't of Public Safety, 782 F. 3d 251, 258 (5th Cir. 2015) | 29, 44, 53 |

Milliken v. Meyer, 311 U. S. 457, 61 S. Ct. 339, 85 L. Ed. 2D 278 (1940)                              1

Old Wayne Mutual Associate v McDonough, 204 U. S. 8, 27 S. Ct. 236 (1907)  10, 12, 13, 14, 16, 23, 61, 62, 63, 64, 68, 71, 74, 75

Oless Brumfield et al v. United States of America no. 14-31010 decided 11/10/2013 14, 27, 69, 75
citing Williams v. New Orleans Pub. Serv. Inc., 728 F. 2d 730, 735 (5th Cir. 1984

Quick v. Donaldson, Co., 90 F. 3d 1372 (8th Cir. 1996)                                        19, 46

Royal v. CCC & R Tres Arboles LLC, 736, F, 3d 396, 400 (5h Cir. 2013                    59

Rosemond v. Lambert, 469 F. 2d 416 (5th Cir. 1972)                          22, 25, 26, 74, 76

Sabariego et al v. Maverick, 124 U. S. 261, 8 S. Ct. 461, 31 L. Ed. 430 (01/12/1888)  10, 12, 13, 14, 16, 26, 62, 64, 69, 71, 74, 75
citing Windsor v. McVeigh, 93, U. S. 274, 277

Scheuer v. Rhodes, 416 U. S. 232, 94 S. Ct. 1683, 1687 (1974)      11, 12, 13, 14, 24, 62, 63, 68, 71, 75

Staub v, Proctor Hospital, 562 U. S. 411 (2011)                                        59

Tolan v, Cotton, 572 U. S. 650 (2014)                                18, 29, 33, 35, 39, 43

United States Aid Fund v. Espinosa, 557 U. S. 260, 270, 130 S. Ct. 1367, 1377 (2010)    11, 14, 27, 64, 69, 74, 75

                                        i
28 USC 453, Oaths of Justices and Judges                    9, 21, 23, 28, 39, 62, 63, 67, 68, 69, 75

42 USC 2000(e)- 3(a)/ Opposition Clause                                        57, 58

Federal Rules of Civil Procedure

Rule 4 (e)(2)(c)                                                    12, 65

Rule 8 General Rule of Pleading                                                                 72

Rule 12(b)(1)                                                                              75, 76

Rule 12(c)                                                          10, 15, 16, 21, 22, 23, 73

Rule 12(h)(3)                                                                          15, 22, 76

Rule 12(i)                                                          10, 15, 16, 22, 23, 73, 76

Rule 12(b)(6)                                                                 15, 16, 68, 69, 73

Rule 65                                                                                        75

Fifth Amendment of The Constitution for the United States of America          11, 21, 24, 25, 63

Texas Statute , Business Organization Code; Title: General Provisions . Chapter 5:  12, 65-67
Names of entities; Registered Agent, Registered Office; Subchapter A: General  Provision.
Business Organization Code: Chapter 5

Section 5.201: Designation & Maintenance of Registered Agent & Registered Office   65-66

Section 5.206: Duties of Registered Agent                                              66

Section 5.302: Agent for Series                                                        67

Section 5.303: Duties of Registered Agent                                           66-67

Jurisdiction                                                                         1- 2

Statement of Issues                                                                  2-3

Statement of case                                                                   4-6

Statement of Fact                                                                   6- 8

Summary Argument                                                                   9- 20

| Arguments | 21-76 |
|---|---|
| The Employer did not require an application | 30-34 |
| Training provided by the Employer | 34-39 |
| Mads Nipper and Christansen Dismissal | 60-63 |
| Domestic Individual Defendants Valid Service Dismissal | 63-68 |
| Defendants, Baek and Fris Dismissal | 68-70 |
| Motion to Dismiss Under Rule 37 Motion | 70-71 |
| Motion for Summary Judgment | 71-75 |
| Age and Race Discrimination | 39-44, 53-54 |
| Sex Discrimination | 44-45 |
| Sex Discrimination, Sexual Harassment, and Hostile Work Environment | 45-50 |
| Retaliation(both sets) | 50-53, 54-60 |
| Final Judgment | 75 |
| Memorandum and Recommendation Post Judgment | 75-76 |
| Conclusion | 77 |
| Certificate of Service | 77 |
| Certificate of Compliance | |

iv-

## TABLE OF AUTHORITY

Anderson v. Liberty Lobby Inc., 477 U. S. 242, 255 (1986)

Assad v. Phelps, 307 S. C. 361, 362, 415 S. E. 2d 397, 398 (1992)

Crawford v. Metro. Gov't of  Nashville and Davidson City Tennessee, 555 U. S. 271 (2009)

Criterion Co. v. State, 458 So. 2D 22(Fla. 1st DCA1984)

Earle v. McVeigh, 91 U. S. Ct. 503, 23 L Ed. 398 (February 14th, 1876), 1873  Lexus 1374

Griffin v. Griffin, 327 U. S. 220, 66 S. Ct. 556, 90 L Ed. 635 (02/25/1946)

Joyce v. U. S., 474 2d 215

Kopp v. Samaritan Health Services, 264, 269 (8th Cir 1993)

Milliken v. Meyer, 311 U. S. 457, 61  S. Ct. 339, 85 L. Ed. 2d 278 (1940)

Old Wayne Mutual Associate v. McDonough, 204 U. S. 8, 27 S. Ct. 236 (1907)

Oless Brumfield  et al v. United States of America, no. 14-31010 decided November 10th, 2015

citing    Williams v. New Orleans Pub. Serv. Inc., 728 F. 2d 730, 735 (5th Cir 1984)

Quick v. Donaldson, 90 F. 3d 1372 (196

Rosemond v. Lambert, 469 F. 2d 416 (5th Cir 1972)

Sabariego et al v. Maverick, 124 U. S. 261 , 8 S. Ct. 461, 31 L Ed 430 (01/12/1888) citing

Windsor v. McVeigh, 93 U. S. 274, 277

Scheuer v. Rhodes, 416 U. S. 232, 94 S. Ct. 1683, 1687 (1974)

Tolan v. Cotton, 572 U. S. 650 (2014)

I

Unites States Aid Fund v. Espinosa, 557 U. S. 260, 270, 130 S. Ct. 1367, 1377(2010)

28 USC 453, OATHS OF JUSTICES AND JUDGES

42 USC 2000(e)- 3(a)/ Opposition Clause

Federal Rules of Civil Procedures

Rule 4(e)(2)(c)

Rule 8 General Rule 8 General Rule of Pleadings

Rule 12

Rule 37

Rule 60

Fifth Amendment of The Constitution for the United States of America

Texas Statute, Business Organization Code; Title : General Provisions' Chapter 5: Names of

entities; Registered Agent, Registered Office; Subchapter A: General Provision.

Business Organization Code Chapter 5;

Section 5,201: Designation and Maintenance of Registered Agent and Registered Office

Section 5.206: Duties of Registered Agent

Section 5.302: Agent for Series

Section 5.303: duties of Registered Agent

United States Constitution, Fifth Amendment

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a

presentment or indictment of a grand jury, except in arises in the land, or naval forces, or in the Militia, when in actual service in time of war or public danger, nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law, nor shall private property be taken for public use, without just compensation.

Procedure Due Process refers to the constitutional requirement that when the federal government acts in such a way that denies a citizen of a life, liberty, or property interest, the person must be given notice, the opportunity to be heard, and a decision by a neutral decision maker.

Griffin v. Griffin, 327 U.S. 220, 66 S C.T 556, 90 Led. 635 (02/25/1946)

" A judgment obtained in violation of procedural due process is not entitled to full faith and credit when used upon in another jurisdiction."

" Moreover due process requires that no other jurisdiction shall give effect, even as a matter of comity, to a judgment elsewhere acquired without due process. Restatement of Judgments 11, comment, (c)."

" Due process forbids any exercise of judicial power which , but for the constitutional infirmity, would substantially affect a defendant's Rights.

28 USC 453, OATHS OF JUSTICES AND JUDGES: Each justice or judge of the United States  shall take the following oath or affirmation before performing the duties of his office " I _____ , do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties

III

incumbent upon me as_____under the Constitution and laws of the United States so help me God."

Old Wayne Mutual Associate v. McDonough, 204U,S. 8, 27 S. Ct. 236 (1907) voiding the Court's judgment stating, It was wanting in due process of law.

'The lack of statutory authority to make a particular order or judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack." 46 Am Jur. 2d Judgments, 25, pp 388-389.

Scheuer v. Rhodes, 416 U. S. 232, 94 S. Ct. 1683, 1687 (1974) states, "When a judge acts as a trespasser of the law, when the judge does not follow the law, the judges loses subject matter jurisdiction, and the judges orders are not just voidable, but void with no legal force or effect."

"When a state officer ( federal officer in this case) acts under a state law (federal law in this case) in a manner violative of the federal Constitution , he becomes in conflict with the superior authority of that constitution and is in that case stripped of his official or representative character and is subject in his person to the consequences of his individual conduct."

Tolan v. Cotton, 572 U. S. 650 (2014) The U. s. Supreme Court states the Appeals court 5h Circuit , "Fail[ed] to credit evidence that contradicted some of the key factual conclusions... Improperly "weigh[ed] the evidence and resolved the disputed issue In favor of the defendant." Talon Slip Op., at 8 (quoting Anderson v. Liberty Lobby,, Inc., 477 U. S. 242, 249 (1986). The U. S. Supreme Court went on to state that the Court is "not to weigh the evidence and determine the truth of the matter , but to determine whether there is a genuine issue for trial." Talon Slip Op., at 7 (quoting

IV

Anderson 477 U. S. at 249). <u>Tolan,</u> "[t[he evidence of the nonmovant is to be believed, and all justifiable inference s are to be drawn in favor." <u>Anderson v. Liberty lobby Inc.,</u> 477 U.S. at 249).

Assad vv. Phelps, 307 S.C. 361, 362, 415 S. E. 2d 397, 398 (1992), states, "it is fundamental that no judgment or order affecting the rights of a party to the cause shall be made or rendered <u>without notice to the party whose rights are to be affected."</u>

<u>Sabariego et al v. Maverick,</u> 124 U.S. 261 (8 U. Ct. 461, 31 L Ed. 430) 01/12/1888, citing <u>Windsor v. McVeigh,</u> 93 U. S. 274, 277, stating , "This was said , it is true of the effect to be given in our courts to the decree of a court in a foreign jurisdiction. <u>But the rule is the same in regard to domestic judgments, the record of which to be effective as evidence must show upon its face a case within the apparent jurisdiction of the Court. If the mere decree and sentences of a court standing by itself  with the record of those prior proceedings necessary in law to support the judgment is not receivable in evidence of proof  of its own legality , a fortiori, no affect can be given to the proceedings in this case, unless sustained by proof of the actual proceedings."</u>

Also states, "Wherever one is assailed in his person or property , said this Court in <u>Windsor v, McVeigh,</u> 93 U. S. 274, 277 there he may defend , for the liability and the rights are inseparable. This is a principle of natural justice , recognized as such by common intelligence of all nations. A sentence of a court pronounced against a party , without hearing him or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal."

<u>Earle v. McVeigh,</u> 91 U. S. Ct. 503, 23 L Ed 398 February 14th 1876, 1873 U.S. Lexus 1374 , where it states, "Due notice to the defendant is <u>essential to jurisdiction</u> 504 of all courts, as

V

sufficiently it appears from the legal maxim, that no one shall be condemned in his person or property without notice and the opportunity to be heard in his defence, is a maxim of universal application.

Oless Brumfield et al v. United States of America, no. 14-31010 decided November 10th, 2015 citing Williams v. Nrw Orleans Pub. Serv. Inc,., 728 F. 2d 730, 735 (5th Cir 1984) " An order is void only if the Court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.

Unites States Aid Funds Inc., v. Espinosa, 557 U.S. 260, 270, 130 S. Ct. 1367, 1377 (2010), " Although the term "void" describes as a result, rather than the condition that rendered a judgment unenforceable it suffices to say that a void judgment is one that is affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final... The list of these infirmities is exceedingly short, otherwise , Rule 60(b)(4)'s exception to finality would swallow the rule."

The Court decided however that Espinosa presented no opportunity to review lower court's assertions, construing Rule 60(b0(4) that a judgment is void because of a jurisdictional defect only in the exceptional case, in which the Court that rendered judgment lacked even an arguable basis for jurisdiction."

Joyce v. U. S., 474 2D 215, "There is no discretion to ignore "lack of jurisdiction."

Criterion Co. v. State, 458 So. 2D 22 (Fla 1st DCA 1984), "Challenge to Court;s jurisdiction is raised by motion to dismiss."

Rosemond v. Lambert, 469 F. 2d 416 (5th Cir 1972), " The burden now shifts to the Court to prove its jurisdiction."

VI

Milliken v. Meyer, 311 U. S. 457, 61 S. Ct. 339, 85 L. Ed. 2D 278 (1940) states , " A void judgment which includes entered by a court which lacks jurisdiction over the parties or the subject matter or lacks inherent power to enter the particular judgment , or an order procured by fraud, can be attacked at anytime , in any court, either directly or collaterally."

Crawford v. Metro. Gov't. Of Nashvile and Davidson City Tennessee, 555 U. S. 271 (2009), "The first clause which protects conduct that has opposed any practice made an unlawful employment practice is referred to as the  Opposition Clause." Protected Opposition.

Federal Rule of Civil Procedure (Rule) 4(e)(2)(c)

Rule 4(e), SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES , UNLESS FEDERAL LAW PROVIDES OTHERWISE, AN INDIVIDUAL-OTHER THAN A MINOR, AN INCOMPETENT PERSON OR A PERSON WHOSE WAIVER HAS BEEN FILED- MAY BE SERVED IN A JUDICIAL DISTRICT OF THE UNITED STATES BY:

(2) doing one of the following:

(c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

> Texas Statute, Business Organization Code, Title 1: General Provisions
> Chapter 5: Names of entities; Registered Agents and Register Offices
> Subchapter A: General  provision.
>
> Business Organization Code: Chapter 5

Section 5.201: DESIGNATION AND MAINTENANCE OF REGISTERED AGENT AND REGISTERED OFFICE.

(a) Each filing entity and each foreign entity shall designate and continuously maintain in this state:

(1) A registered agent

   (2) A Registered office

   (b) The registered agent,

   (1) <u>is an agent of the entity on whom maybe served any process, notice or demand</u>
<u>required or PERMITTED BY LAW to be served on the entity.</u>

Section 5.206: DUTIES OF REGISTERED AGENT

(a) The only duties of a registered agent are too,

(1) Receive or accept , and forward to the represented entity at the address most recent to registered agent by the represented entity, or otherwise notify the represented entity at that address regarding , any process , notice , or demand that is served on or received by the registered agent; and

(2) Provide the notices required  or permitted by law to be given , to the represented entity to the address most recently provided to the registered agent, by the represented entity.

Section 5.302: AGENT FOR SERIES

(a)  The registered agent designated and maintained by a domestic limited liability company or foreign entity under Subchapter E <u>is an  AGENT of each of the SERIES of the company or entity for</u> <u>the PURPOSE OF SERVICE OF PROCESS, notice, or demand required or PERMITTED BY LAW TO SERVED</u> <u>ON A PARTICULAR SERIES OF THE COMPANY OR ENTITY.</u>

(b) A process, notice, or demand required or permitted by law to be served on a series of a

VIII

domestic liability company or foreign entity that is served on the company 's or entity's registered agent must include:

(1) The name and the address of the company or entity, and

(2) The name of the series on which the process, notice, or demand is required or permitted to be served.

Section 5.303: DUTIES OF REGISTERED AGENT

(a) For the purpose of section 5.206, on service or receipt of process, notice, or demand that complies with the requirement of section 5.302(b), the only duties of the registered agent are to:

(1) Receive or accept and forward to the represented domestic liability company or foreign entity at the address most recently provided to the registered agent by the represented company or entity , the process, notice, or demand that is served on or received by the registered agent under section 5.302(b);

(2) Or otherwise notify the represented company or entity at the address described by subdivision (1) regarding the process, notice , or demand that is served on or received by the registered agent under 5.302(b),

(b) The registered agent is not required to send a copy of the process, notice, or demand DIRECTLY to the series of the represented  domestic liability company or foreign entity.

Series- a number of things, events, or people of a similar kind or related nature coming one

IX

after another.

Federal Rules of Civil Procedure 8, General Rules of Pleadings

(b) Defenses, Admissions, and Denials

(1) In General , In Responding to a pleading a party must:

(A)  State in short and plain terms its <u>defenses to each claim asserted against it</u>; and

Federal Rules of Civil Procedure (Rule) 12. Defenses and Objections: When and How

Presented; Motion for Judgment on the Pleadings; Consolidating motions; Waiving Defenses; Pretrial

Hearing

(a) Time to serve a responsive pleading

(1) In General, unless another time is specified by this rule or a federal statute the

time for serving a responsive pleading is as follows:

(A)  a defendant must serve an answer:

(i)   within 21 days after being served with the summons and complaint: or

(b) How to Present Defenses: Every Defense to a Claim for Relief in any Pleading must

be asserted in the Responsive Pleading if one is Required, but a party may assert the

following defenses by motion

(6) Failure to State a claim upon which relief can be granted; and

(7) failure to join a party under rule 19

A motion asserting any of these defenses must be made before pleading if a responsive

pleading is allowed. If a pleading sets out a claim for relief that does require a responsive pleading, an

X

opposing party may assert at trial any defenses to that claim. No defense or objection is waived by joining it with one or other defenses or objections in a responsive pleading or in a motion.

(c) Motion for judgment on the pleadings

After the pleadings are closed- but early enough not to delay trial- a party may move for a judgment on the pleadings.

(h) Waiving and Preserving Certain Defenses

(2) When to Raise Others, Failure to state a claim upon which relief can be granted, to join a person required by rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading or ordered under rule 7(a)

(B) by a motion under 12 (c): or

( C ) at trial.

(3) Lack of Subject – Matter Jurisdiction, If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) Hearing before trial,

If a party so moves, any defenses, listed in rule 12(b) (1)-(7)- whether made in a pleading or by motion – or a motion under rule 12(c) MUST BE HEARD AND DECIDED BEFORE TRIAL UNLESS THE Court orders a deferral until trial.

Federal Rules of Civil Procedure 37

Failure to make Disclosures or to Cooperate in Discovery; Sanctions

XI

(a) motion for an order compelling disclosure or discovery

(5) Payment of Expenses; Protective Orders

(B) If the notion is denied. If the motion is denied, thew court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the party or deponent who opposed the motion it reasonable expenses incurred in opposing the motion, including attorney fees. But the court must not order this payment if the motion was substantially justified or other circumstances makes am award of expenses unjust.

Federal Rules of Civil Procedure 60

Rule 60,  Relief from a judgment or order

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING FOR THE

FOLLOWING REASONS:

(3) Fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

(4) the judgment is void

(6) any other reason that justifies relief.

**UNITED STATES COURT of APPEALS**
**FIFTH CIRCUIT**

| | |
|---|---|
| Michel Thomas, | ) |
| | ) |
| Appellants | ) |
| | ) |
| v. | ) |
| | ) Court of Appeals Case No. 20-20505 |
| Grundfos, CBS | ) |
| Mads Nipper | ) |
| Henrik Christansen | ) United States District Court Case No. 4:18-cv-00557 |
| Jonathan Hamp Adam | ) |
| Henri Baek | ) |
| Atrid Norgaard Fris | ) |
| Steve Marshall | ) |
| Billy Baxter | ) |
| Terry Jalufka | ) |
| Chau Nguyen | ) |
| Paddi Riopelle | ) |
| Lonnie Padilla | ) |
| Grundfos Americas | ) |
| Grundfos | ) |

## APPELLANT'S BRIEF

Come Now Appellant, Michel Thomas is filing this brief with the Honorable United States Court

of Appeals Fifth Circuit, case No. 20-20505 from the United States District Court Southern District of

Texas, Houston Division, case NO. 4:18-cv-00557

## JURISDICTION

This Court(, United States Court of Appeals Fifth Circuit) has jurisdiction of this case, under

28USC 1291, which gives this court jurisdiction of all appeals that comes from a final judgment entered

in by all district courts of the United States of America. The final judgment in this case was entered in by

the United States District Court Southern District of Texas, Houston Division, (which is in the Fifth Circuit)

on June 17th, 2020. Thomas then filed a motion to dismiss under Rule 60 within the 28 days ( plus three additional days since the final judgment was mailed to Thomas on June 18th, 2020) allowed, which tolled the 30 days Thomas had to file his notice of appeal. The motion was denied by district court judge on August 25th, 2020 and Thomas timely filed his notice of appeal within the thirty days on September 23rd, 2020, at that time the $505.00 filing fee was paid in full.

This Court also has jurisdiction under **Milliken v. Meyer, 311 U. S. 457, 61 S. Ct. 339, 85 L. Ed. 278 (1940), "A void judgment which which includes judgments entered in by a court which lacks jurisdiction over the parties or subject matter or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be <u>attacked at anytime , in any court, either directly or collaterally.</u>"** Thomas will argue that the Memorandum and Recommendation and the orders adopting them, as well as the final judgment and post judgment is null and void that were entered in by the Magistrate Judge and the District Court Judge.

### STATEMENT OF ISSUES

**1.** Is statute 28 USC 453 a binding federal statute that governs the duties of the judges and justices and most importantly that governs the conduct of the magistrate judge and district court. If so, does their failure to adhere to their oath as outline in federal statute 28 USC 453 results in then losing subject matter jurisdiction as stated in **Old Wayne Mutual Associate v. McDonough, 204 U. S. 8, 27 S. Ct. 236 (1907)** The lack of statutory authority to make a particular order or judgment is akin to lack of subject matter jurisdiction.

2

**2.** Is the Memorandum and Recommendations and the orders adopting them as well as the final judgments and the Memorandum and Recommendation of post judgment null and void because they are inconsistent with due process, and/or lack of jurisdiction, and/or no recording of the proceedings, and/or lack of authority to enter the Memorandum and Recommendations and the orders adopting them, as well as the final judgment and post judgment and did the district court err in granting them? Each one will be addressed in Thomas' arguments.

**3.** Did the magistrate judge and the district judge in this case error when ruling Thomas' service of summons and complaint were invalid against the domestic individual defendants in this case?

**4.** Did the magistrate judge and the district judge in this case have the subject matter jurisdiction and/or statutory authority?

**5.** Did the magistrate judge and district court judge in this case err when they granted summary judgment to Grundfos, CBS and Grundfos Americas on any or all Thomas' claims?

**6.** Did the magistrate judge and the district court judge error when it accepted statements in Steve Marshall's declaration from statements Marshall attributed to Paddi Riopelle and Grundfos, CBS, a company, but had no first hand knowledge?

**7.** The Magistrate Judge and district court judge erred when they weighed the evidence in this case and did not give all inference in favor of nonmovant?

**8.** The Court erred when it ruled Thomas did not make a prima facie showing for same-sex sexual harassment, and hostile work environment.

**9.** The Court erred in not fully applying the case **Tolan v. Cotton, 572 U. S. 650 (2014).**

3

## STATEMENT OF CASE

Employee, Michel Thomas, an African-American male, over the age of 40, in December 2015, was hired by a temporary agency, Link Staffing, in Katy Texas, and was assigned to work as a general laborer for Grundfos, CBS in Brookshire Texas.

In September 2016 Thomas was taken to Billy Baxter's (Grundfos, CBS Production Manager)office by Terry Jalufka, Thomas' supervisor at Grundfos, CBS. Thomas was told by Baxter they were going to be hiring temporary employees and making them permanent, but I was not going to be hired at that time, but I was next in line to be hired.

In June 2016 Thomas filed an internal complaint with Grundfos, Americas and Grundfos, the corporation, headquartered in Denmark, and a copy was later given to Link Staffing around August 2016. The internal complaint alleged sex discrimination, age discrimination, race discrimination, sexual harassment, retaliation, and a hostile work environment.

The investigation was conducted by Atrid Norgaard Fris and Henri Baek, out of Denmark, Grundfos headquarters. Thomas was disciplined by Link Staffing on August 23rd, 2016, September 1st, 2016 and September 30th, 2016, for filing that internal complaint with Grundfos .

In October 2016 Thomas then raised another issue of race discrimination with Paddi Riopelle of Grundfos, CBS Human Resources and Lonnie Padilla, Thomas' supervisor at that time at Grundfos, CBS.

Thomas was them disciplined again by Link Staffing on October 17th, 2016 for raising that issue with Grundfos,, CBS.

Thomas assignment with Grundfos was ended on October 18th, 2016 and Thomas' was

4

terminated by Link Staffing om that same day, October 18th, 2016.

Thomas applied for unemployment and it was not contested, by Link Staffing and Thomas receive unemployment for the full 26 weeks.

Thomas then filed a second written internal complaint with Grundfos in Denmark, asking for his job back until the investigation was complete, while also alleging race discrimination, where a pattern a rose, where Grundfos, CBS was giving more favorable treatment to European-Americans over those minorities groups , African-Americans, Mexican-Americans. And Arab- Americans, making minority temporary employees work two times or more longer than European-Americans before a decision was made on their employment status with Grundfos, CBS.

In the second internal complaint, Thomas alleges race discrimination and race retaliation, while provided additional incidents of sexual harassment and how it was nor addressed by those who were in positions of authority to do so.

Thomas then filed a charge of sex discrimination, race discrimination, religion discrimination, age discrimination, sexual harassment, hostile work environment, and retaliation. This was filed as a dual charge (where it was filed with Texas Civil Rights Division, but it was also covered by the Equal Employment Office Commission(EEOC)) with Texas Civil Rights Division.

After the investigation by the Texas Civil Rights Division, Thomas was issued a Right to Sue letter by the Texas Civil Rights Division, they forwarded their findings to the EEOC, where they were accepted by the EEOC and the EEOC also issued Thomas a Right to Sue letter.

Thomas used the EEOC's Right to Sue letter to file his civil action against the defendants named in the case caption.

Thomas filed a civil action, alleging sex discrimination, age discrimination, religion discrimination, race discrimination, sexual harassment, retaliation, and hostile work environment, which derived from the first internal complaint filed on June 2016.

Thomas also filed claims of race discrimination and race retaliation a second set of claims, that derived from the second internal complaint filed in October 2016.

Thomas claims were dismissed by the Magistrate Judge and District Court judge where a final judgment was entered and Thomas Rule 60 motion was filed and denied by the district court judge.

Thomas then filed a notice of appeal with the United States Court of Appeals Fifth Circuit to address the rulings from the district court on September 23rd, 2020.

## STATEMENT OF FACTS

Mads Nipper and Henrik Christansen filed a Motion to Dismiss with the Court to have their claims dismissed for lack of personal jurisdiction and failure to state a claim.
The Magistrate Judge entered in a Memorandum and Recommendation granting
Nipper and Christansen motion and the district judge adopted the Memorandum and Recommendation, but Thomas was not afforded notice or a hearing prior to the rulings being entered.

The domestic individual defendants filed a motion to dismiss with the district court and the Magistrate Judge entered in a Memorandum and Recommendation granting that motion to dismiss and the district court judge adopted the memorandum and recommendation,

6

this happen without giving Thomas notice or a hearing, prior to the ruling being

entered. Thomas also filed proof of service with the Court showing service were done

on the domestic individual defendants through their employers' registered agent.

The defendants Henri Baek and Atrid Norgaard Fris filed a motion to dismiss with the Court

and the magistrate judge entered in a Memorandum and Recommendation granting their

motion to dismiss , and the district judge adopted the Memorandum and  Recommendation , and did

not provide Thomas with a notice or a hearing, prior to the ruling being entered and the claims against

them dismissed.

The employers Grundfos, CBS and Grundfos Americas filed a motion to dismiss under Rule 37,

alleging Thomas was not cooperating in discovery. Thomas disputed that claim and put

forth evidence that it was in fact the employers whom was not adhering to discovery,, and

did not adhere to the prerequisites before filing a Rule 37 motion to dismiss. Thomas asked in returned

that he be compensated $1200.00 for the time and cost Thomas had to expend, in order to defend the

motion to dismiss. The Magistrate Judge entered in a Memorandum and Recommendation

denying the motion and the district court judge adopted the Memorandum and

Recommendation without providing Thomas a hearing which is mandated under Rule 37 motions.

Thomas filed a Second Amended verified Complaint on 06/29/2018, where employers

Grundfos CBS and Grundfos Americas were served, but the employers did not file an answer or a motion

to dismiss within the 14 days as required under Rule 15.

7

The two employers filed a motion to dismiss for failure to state a claim, as its motion for summary judgment on 02/0 6/2020.

The employers did not give notice to Thomas of their defenses, prior to filing their motion for summary judgment. Thomas was not given notice or a hearing prior to the Magistrate Judge entering in a Memorandum and Recommendation, granting the employers their summary judgment and the district court judge adopting the Memorandum and Recommendation .

A final judgment was entered in by the district court  and Thomas filed a Rule 60 motion to dismiss. The district court judge dismissed Thomas motion to dismiss without a hearing and without engaging Thomas arguments within his motion to dismiss.

The employers, Grundfos, CBS and Grundfos Americas did not respond to Thomas Motion to dismiss, it went unopposed , but was still denied by the district court judge.

The district court judge final judgment did not addressed the claims against Grundfos of Denmark, the parent company, a final judgment was just entered.

8

## SUMMARY ARGUMENT

Appellant, Michel Thomas is filing this brief with the Honorable United States Court of Appeals, Fifth Circuit, praying up on this Court to vacate all Memorandum and Recommendations, all orders adopting the Memorandum and Recommendations, the final judgment and the post judgment entered in by the United States District Court, Southern District of Texas, Houston Division, case # 4:18-cv-00557.

**The standard of review is De Novo review.**

Thomas is asking this Court to vacate all the Memorandum and Recommendations entered in by Magistrate Judge and all orders adopting the Memorandum and Recommendation, as well as all final Judgments, and post judgment entered in by the district court (Magistrate Judge and district court judge) in this case. The Magistrate Judge and district court judge are trespassers upon the Court in this case and the entire process is absent of all procedural due process and there is no official record of the proceeding. The Fifth Amendment of the Constitution for the United States of America affords Thomas due process and Thomas was deprived of due process (notice, a hearing, and neutral decision makers) in this case.

### The Triers of Fact Oath, 28 USC 453

The district court (Magistrate Judge and district court judge) lost subject matter jurisdiction when it failed to adhere to the most fundamental and vital part of the judicial system, their oath, which is governed under **statute 28 usc 453, Oaths of Justices and Judges.**

The district court was mandated under federal statute 28 USC 453 to discharge their duties faithfully and **impartially and adhere to the Constitution and all the laws of the United States,** and the

9

district court in this case did not adhere to any part of their oath and therefore lacked subject matter jurisdiction (**Old Wayne Mutual Associate v. McDonough**) in this case. All the Memorandum and Recommendation, all orders adopting the Memorandum and Recommendations, all final judgments and post judgments in this case are null and void and not enforceable,

## MADS NIPPERS AND HENRIK CHRISTIANSEN DISMISSAL

Thomas is asking the Court to vacate the null and void Memorandum and Recommendation and the null and void order adopting the Memorandum and Recommendation, due to the fact that the Magistrate Judge and district court judge acted without jurisdiction. The district court (Magistrate Judge and district court judge) did not adhere to statute which requires in 12(c) that the defendants move for judgment on their motion to dismiss (Notice) and the defendants never did, also it required under 12(i) that a hearing be conducted (**Griffin v. Griffin**) and the district court did not do that, it is also required that there be a record of the proceedings( **Sabariego et al v. Maverick** and citing **Windsor v. McVeigh**) and on that record it must reflect that the district court's jurisdiction to act, it does not exist. The district court did not adhere to statute (Rule 12) and that is akin to lack of subject matter jurisdiction **Old Wayne Mutual Associate v. McDonough**, no procedural due process, all jurisdiction is lost **Griffin v. Griffin**, and no record of the proceedings voids the Memorandum and Recommendations and the order adopting it.

The district court's triers of fact in this case were acting in their individual capacity since their

-10

action ran in conflict with the United States Constitution, Fifth Amendment. The district court's trier s of fact refused to adheres to the laws of the United States and the Constitution strips them of their official capacity and strips them of all jurisdiction. **Scheuer v. Rhodes.** The Memorandum and Recommendation and the order adopting it, is absent of all procedure due process, notice, a hearing, and a neutral decision maker, and there is no record of the proceedings, therefore it is null and void,

**Nations v. Howard, 24 How 203, Earle v. McVeigh, Oless Brumfield et al United States, citing Williams v. New Orleans Pub. Serv., Inc. and United States Aid Funds Inc., v. Espinosa.**

### Domestic Individual Defendants Valid Services DIismissal

Thomas asks this Court to vacate the null and void Memorandum and Recommendations entered in by the Magistrate Judge and the order adopting the Memorandum and Recommendation entered in by the district court judge, that dismissed my claims against the following domestic individual defendants, Jonathan Hamp-Adam, Thomas Braun Larsen, Paddi Riopelle, Steve Marshall,, Billy Baxter, Chau Nguyen, Terry Jalufka, and Lonnie Padilla.

The district court's triers of fact acted without jurisdiction and exceeded their authority in dismissing Plaintiff claims against the above mentioned domestic individual defendants, requiring that Thomas have the domestic individual defendants serve personally, when valid and legal services were executed on them all through their employer's registered agent.

Plaintiff executed a legal and valid  service under Rule 4(e)(2)(c) which allowed Plaintiff to

serve the domestic individual defendants through their employer's registered agent, if there was a law

that permits it. In Texas there is a law that permits it, under The Business Organization Code, Chapter 5:

Names of Entities; Registered Agents, and Registered Offices, Subchapter A: General Provisions.

The district court  had no authority to limited the legal and valid ways the domestic individual

defendants can be served and lost subject matter jurisdiction once they refused to adhere to the law

**(Old Wayne Mutual Associate v. McDonough** and **Scheuer v. Rhodes)** under Rule 4(e)(2)(c0 and Texas

statue Business Organization Code: Chapter 5. which permitted Thomas to serve the individual

defendants through their employer's registered agent, which was done,  please see the proofs of

service,.

Moreover the district court did not have jurisdiction because  the Memorandum and

Recommendation is inconsistent with procedure due process,  **Griffin v. Griffin.** Plaintiff did not get

notice, a hearing, or a neutral decision maker, nor is there any record of the proceedings,( **Sabariego et**

**al v. Maverick** citing **Windsor v. McVeigh)** to support the Memorandum  and Recommendation and the

order adopting the Memorandum and Recommendation that shows

the district court had jurisdiction, on the record. For all these reasons the Memorandum and

Recommendation and the order adopting the Memorandum and Recommendation is null and void in its

entirety.

The domestic individual defendants never requested an order on the judgment under  Rule

12(c), so there were no notice, their were no hearing conducted as required under Rule 12(i), a hearing.,

and there is no record of the proceedings, **Sabariego et al v. Maverick** citing **Windsor v. Mcveigh,**
**Scheuer v. Rhodes, Old Wayne Mutual Associate v. McDonough, Earle v. McVeigh, Nations v.**
**Johnson, Oless Brumfield et al v. United Statesof America** citing **Williams v. New Orleans Pub. Serv.**
**Inc., United States Aids Funds Inc., v. Espinosa,** and **Griffin v. Griffin.** This process is absent of all due
process and the district court's triers of fact were acting in their individual capacity void of all
jurisdiction, due to the fact the district court abandoned and betrayed their oath, the United States
Constitution, the legislature, the United States Supreme Court, the United States Fifth Circuit Court of
Appeals and all the laws that came from those entities all ethical and honest jurists, as well as Thomas.

## Defendants Baek and Fris Dismissal

Thomas asks this Court to vacate the null and void Memorandum and Recommendation
and the order adopting the Memorandum and Recommendation entered In by the district court
dismissing the claims against Baek and Fris, because they are inconsistent with procedural due process
**Griffin v. Griffin.**

There is no record of the proceedings, and no where on the record where it shows the district
court had the jurisdiction to act, **Sabariego et al v. Maverick** citing **Windsor v. Mcveigh**. The district
court did not adhere to (Rule 12(c) and 12(i))and therefore lacks subject matter jurisdiction,
**Old Wayne Mutual Associate v. McDonough,**and **Scheuer v. Rhodes**, failure to adhere to law is akin to
lack of subject -matter jurisdiction. The Memorandum and Recommendation and the
order adopting it is null and void, because of the district court lack of subject matter
jurisdiction, because they were stripped of their official capacity and were acting in their individual

13

capacity and no jurisdiction comes with their individual capacity. The Memorandum and

Recommendation and the order adopting it is also inconsistent with procedural due process, therefore is

null and void, **Oless Brumfield et al v. United States of America** citing **Williams v. New Orleans Pub.**

**Serv. Inc., and United States Aids Funds Inc., v. Espinosa.**

### Motion to Dismiss Under Rule 37 Motion

Thomas asks this Court to vacate the Memorandum and Recommendation on

the motion to dismiss, the defendants filed under Rule 37, and the order adopting the Memorandum

and Recommendation entered in by the district court. The district court did not

adhere to Rule 37 (a)(5)(B), and therefore ) did not have subject matter jurisdiction, **Old Wayne Mutual**

**Associate v. McDonough and  Scheuer v. Rhodes.**

The district court also did not give Thomas a hearing as mandated and Thomas did not get

notice, Thomas was going to be deprived of my $1200.00, Thomas demanded in his response .

The defendants never asked for a judgment on the motion to dismiss , Rule 12(c) and a hearing was

never conducted, there was no procedural due process, **Griffin v. Griffin,** there is no record of the

proceedings that reflects the district court had the jurisdiction to act. **Sabariego et al v. Maverick citing**

**Windsor v. McVeigh.**

The district court ignored the criteria and/or protocol, the defendants were required to adhere

to, before filing a motion to dismiss under Rule 37.  The district court failure to adhere to Rule 37 once

again strips them of subject matter jurisdiction, in their failure to adhere to statute.

The district court abused its discretion in not awarding Thomas his $1200,00 in fees and cost.

### Motion for Summary Judgments

Thomas asks this Court to vacate the null and void Memorandum and Recommendation
and the order adopting the Memorandum and Recommendation entered
in by the district court triers of fact in this case, as well as the final judgment entered
in by the district court, where they dismissed all Thomas' claims against the employers, Grundfos
Americas and Grundfos CBS. The entire process is absent of procedural due process, **Griffin v. Griffin**,
Thomas have not had one notice under 12(c) or one hearing under 12(i) or under the United States
Constitution, Fifth Amendment, due process, in this entire process.

The district court did not have jurisdiction to entertain the employers' motion for summary
judgment, because the motion for summary judgment is untimely and improperly filed.

The employers actually filed a 12(b)(6) motion, attempting to disguise it as a motion for
summary judgment, under Rule 56. The arguments the employers put forth in their motion for summary
judgment, were that Thomas had not meet its prima facie burden, which is a 12(b)(6) motion, failure to
state a claim, and that motion is required to be filed with the Court before the responsive pleading is
filed with the Court, which is 21 days after being served the summons and complaint or in compliance
with Rule 12(h), which the Employers did not file its motions under 12(c), or under 7(a) or at trial.

Thomas served the employers with their Second Amended Verified Complaint on 06/29/2018,
it has almost been two years and the defendants filed a 12(b)(6) motion, failure to

15

state a claim, as a motion for summary judgment, the Court did not have jurisdiction to hear it. It is an untimely motion for summary judgment and inappropriate motion for summary judgment, when the employers did not file any defenses (a responsive pleading) or a motion to dismiss to the Second Amended Verified Complaint. A motion to dismiss under a 12(b)(6) motion also requires notice, 12(c) and a hearing, 12(i), which is due process and Thomas did not receive either. Therefore the Memorandum and Recommendation and the order adopting the Memorandum and Recommendation is null and void, due to no due process and there is no record of the proceedings. **Griffin v. Griffin** and **Old Wayne Mutual Associate v. McDonough**.

The defendants motion for summary judgment, because it is actually a 12(b)(6) motion that the defendants filed. The defendants filed a 12(b)(6) motion disguised as a motion for summary judgment and did not request an order on the judgment as required by 12(c), and no hearing was conducted as required by 12(i). The defenses the defendants put forth were never stated in their responsive pleading to my complaint, as is required under rule 8(b)(1)(A), to put forth their defense **on each claim.**

**Old Wayne Mutual Associate v. McDonough** and **Scheuer v. Rhodes.** No where in the defendants defenses, served on 06/06/2018 do they ever state any of the defenses they are now arguing in their 12(b)(6) motion, failure to state a claim, disguised as a motion for summary. The district court (Magistrate Judge and district court judge) did not fully engage the arguments Thomas put forth against the defendants' motion for summary judgment. There is no record of the proceedings, showing they had jurisdiction to act. **Sabariego et al v. Maverick** citing **Windsor v. McVeigh.** No where in this process was Thomas given notice or a hearing on any of my claims against any of the defendants,

they were just arbitrarily dismissed, all laws were ignored as well as all procedural due process rights, therefore the district court were acting without jurisdiction.

Also the district court did not have jurisdiction due to the fact that the Employers never filed a motion to dismiss or a responsive pleading to Thomas Second Amended Verified Complaint,

## Thomas's First Set of Claims

Thomas first set of claims is derived from the first internal complaint filed with Grundfos (Plaintiff exhibit #1), where the claims consist of age, race, and sex discrimination, sexual harassment, retaliation, and hostile work environment.

## RETALIATION

The district court erred when it dismissed Thomas' retaliation claim against the Employers (Grundfos, CBS and Grundfos Americas). Thomas put forth the arguments in Thomas' response to Employers' motion for summary judgment . Showing that Thomas suffered adverse employment action, the reasons put forward was a pretext, inadmissible and retaliatory protected by the Opposition Clause.

## AGE and RACE DISCRIMINATION

The district erred when it granted summary judgment to the Employers on Thomas' claims of age and race discrimination. The arguments put forth in Doc.# 90, pages 11, third paragraph through page 14, third paragraph and page 24 through page 30, also Doc. # 96, page 9 through page 15, third paragraph makes that an error by the district.

## Sex Discrimination, Sexual Harassment, and Hostile Work Environment

The district erred when it dismissed Thomas claims of sex discrimination, sexual harassment, and hostile work environment. Thomas showed sexual harassment through "directive comparative evidence", one of the prongs set out in **EEOC V. Boh Bros. Construction, Co. LLC731 F. 3d 444 (5th Circuit 2013).**

The district court did nor adhere to **Tolan v. Cotton** where the court is not to weigh the evidence and all inference is to go to the nonmovant. Thomas sexual Harassment, hostile work environment, and sex discrimination claims came from the first internal complaint, filed with the Employers, dated June 14th, 2016, In there Thomas outlined the sexual harassment and hostile work environment, in the internal complaint all the allegations were male on male, period, indisputable, and at no time has the Employers put forth evidence to the contrary. Therefore under **Boh Bros Construction Co.** , Thomas proved same -sex sexual harassment and hostile work environment, and sex discrimination. It was only in the second internal complaint filed with the Employers do Thomas speak of the December 2015 incident to show actual notice of sexual harassment being given to the Employers, with Human Resources and management being present during that time when a different kind of sexual harassment (belittling and demeaning of women, which led to Claudia Myrick outburst, see Plaintiff It was totally male on male sexual harassment of the sexual kind, not of the belittling and demeaning kind that Thomas spoke of. At no time do I allege a female sexually harassment me, nor do I ever allege in Plaintiff Exhibit #1(where Thomas' sexual harassment and hostile work environment derives from) that a female was ever harassed or did any harassing in a sexual way

18

(sexual innuendos, sexual talk, sexual gestures, sexual dreams, sexual jokes and sexual fondling) and the Employer have put forth no evidence to the contrary.

<u>Quick v. Donaldson, Co.</u>, 90 F. 3d 1372 (1996) citing <u>Kopp v. Samaritan Health  Services</u>, 13 F.3d 264, 269 (8th Circuit 1993), states, "Evidence  that members of one  sex<u> were the primarily target of the harassment is  sufficient to show that  the conduct was gender base for the purpose of summary judgment, <u>Kopp 13 F. at 269-270."</u></u> ( incidents of abuse involving women satisfied requirement of gender based  conduct).

The district court erred when when it granted the Employers motion for summary judgment on sex discrimination claim when clearly Thomas showed sex discrimination and it has not been disputed.

<u>THOMAS SECOND SET OF CLAIMS</u>

Thomas' second set of claims for race discrimination and race retaliation derives from the internal complaint, filed with the Employers in October 2016.

The district court erred when it granted the Employers' motion for summary judgment on Thomas' race discrimination and race retaliation from its second set of claims deriving from the second internal complaint in October 2016.

The district court did not fully and materially engage Thomas' response to Employers' motion for summary judgment (doc. #90, page 30 through page 36 and doc. 96 page 28 through page 31) on his race discrimination (Disparate Treatment) and race retaliation second set of claims, which resulted in the district court error in granting the employers motion for summary judgment.

~~19~~

## MEMORANDUM AND RECOMMENDATION POST JUDGMENT

The district court erred when it denied Thomas motion to dismiss in support of motion for

The district court did not fully and materially engaged the argument put forth, Thomas was not

given notice or a hearing, there is no recording of the proceedings. Once again no procedural due

process, renders the Memorandum and Recommendation Post Judgment null and void

## ARGUMENT

1. Is the statute 28 USC 453 a binding federal statute that governs the duties of the judges and justices and most importantly that governs the conduct of the magistrate judge and district court judge. If so does their failure to adhere to their oath as outlined in federal statute 28USC 453 results in them losing subject matter jurisdiction and strips them of their official duties and titles.

28 USC 453, OATHS OF JUSTICES AND JUDGES,: Each justice or judge of the United States <u>shall</u> take the following oath or affirmation before performing his office"I _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will <u>faithfully and impartially discharge and perform all the duties incumbent upon me as _____ under the Constitution and laws of the United States so help me God."</u>

### The Fifth Amendment of The Constitution for the United States of America

No person shall be held to answer for a capital, or infamous crime, unless a presentment or indictment of a grand jury, except in cases arising in the land, or naval forces, or in militia, when in actual service in time of war or public danger; nor shall any person any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness himself, **nor be deprived of life, liberty, or property, without DUE PROCESS OF LAW**; nor shall private property be taken for public use without just compensation. See ROA.925.

**Rule 12 (c) , Motion for judgment on the pleadings, After the pleadings are closed- but early enough not to delay trial- a party may move for judgment on the pleadings.**

Rule 12(i) Hearing Before Trial, If a party so moves , any defenses listed in Rule 12(b)(1)-(7)- whether made in a pleading or by motion-and a motion- and a motion under 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

Rule 12(h)(3) Lack of Subject- Matter Jurisdiction. If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.

Joyce v. U. S., 474 F.2d 215 (3rd Cir 1973), " There is no discretion to ignore "lack of jurisdiction."

Rosemond v. Lambert, 469 F. 2d 416 (5th Cir.1972), "The burden now shifts to the Court to prove its jurisdiction."

The district court was trespassing upon the Court, by violating The Constitution for the United States of America, Thomas Fifth Amendment rights, for procedural due process, and because the district court did not adhere to Rule 12(c), see ROA.932., which requires a motion for judgment be filed with the Court asking for a judgment on the Rule 12(b) motion, and then Thomas was due a hearing on the Rule 12(b) motion under Rule 12(i), see ROA.932; the opportunity to be heard, Thomas was not provided that, therefore the district court did not adhere to statute and did not adhere to its statutory oath (28 USC 453, see ROA.926.). With all that the court lost subject matter jurisdiction and all the Memorandums and Recommendations, all the orders adopting the Memorandum and Recommendations, the Final judgment, and the Memorandum Post Judgment is null and void.

Thomas raised the issue of the district court's jurisdiction each filing and the district court

22-

**refused to prove its jurisdiction.**

Federal statute 28 USC 453 is a federal statute that governs the duties and/or conduct of the federal judges and justices, and the district court( magistrate judge and district court judge) failure to adhere to that statute strips them of subject matter jurisdiction **Old Wayne Mutual Associate v. Mcdonough, 204 U.S. 8, 27S. CT. 236 (1907)**, voiding the Court's judgment stating "it was wanting in due process. Also stating " The lack of statutory authority to make a particular order or judgment is akin to lack of subject matter jurisdiction, and is subject to collateral attack." Am. Jur. 2D Judgments, 25, pp388-389.

The district court's failure to adhere to federal statute 28USC 453 ( did not uphold The Constitution for The United States of America under the Fifth Amendment of due process, did not adhere to federal statute Rule 12(c) which gives notice, was not filed with the Court and served upon Thomas, did not adhere to Rule 12(i), which provides Thomas an opportunity to be heard, was not fair and impartial, did not engage Thomas' arguments fully and materially.) is akin to lack of subject matter jurisdiction, and therefore the district court did not have the jurisdiction and/or authority to act and therefore the Memorandum and Recommendations, the orders adopting the Memorandum and Recommendation, the Final Judgment and the Memorandum and Post Judgment is null and void and can not be enforced, therefore should be vacated by this Court.

The district court failure to follow the Constitution for the United States of America also strips them of their official capacity as federal judges and the district court was acting as individual citizens and had no jurisdiction to enter in rulings on any of the memorandum and recommendations

and/or orders adopting the memorandum and recommendations, or any final judgment, or any memorandum and recommendations post judgment, because those orders run in direct conflict with

The Constitution for the United States of America, Fifth Amendment due process, **Schueer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687(1984),** states When a judge acts as a trespasser of the law, when the judge does not follow the law, the **judge loses subject matter jurisdiction, and the judge's orders are not  just voidable, but void with with no legal force or effect."**

"When a state officer (federal judge in this case) acts under a state law (federal law in this case) in a manner **violative of the federal Constitution, he becomes in conflict with the superior authority of that constitution and is in that case stripped of his official or representative character and is subject in his person to the consequences of HIS INDIVIDUAL CONDUCT."**

Thomas is entitled to notice, a hearing, and a neutral decision maker and Thomas did not receive any of that, prior to the Memorandum and Recommendations, orders adopting the Memorandum and Recommendations, the Final Judgment, and the Memorandum and Recommendation Post Judgment being entered.

In all the memorandum and recommendations (M&R), orders adopting the memorandum and recommendation (AM&R), final judgment and memorandum and recommendation post judgment (M&RPJ) is inconsistent with procedural due process, due to the fact that Thomas did not get notice, a hearing, or a neutral decision maker the three universal tenets for due process under the Fifth Amendment of the Constitution for the United States of America, prior to the M&R, AM&R, M&RPJ, as

24

well as the final judgment which renders all of them null and void and the district court were stripped of their official capacity as judges because their actions ran in conflict with the Fifth Amendment of The Constitution for the United States of America.

The M&R, AM&R, Final Judgment and M&RPJ is null and void because it is inconsistent with due process, and have no full faith and credit. **Griffin v. Griffin, 327 U.S. 220, 66 S. Ct. 556, 90 L Ed. 635 (02/25/1946), states, :A judgment obtained in violation of <u>procedural due process is not entitled to full faith and credit when used upon in another jurisdiction."</u>**

"Moreover due process requires that no other **<u>jurisdiction shall give effect, even s a matter of comity, to a judgment elsewhere acquired without due process. Restatement of Judgments 11, comment, c."</u>**

'Due process forbids any exercise of judicial power which, but for the constitutional infirmity , would substantially effect a defendant's right."

**<u>Assad v. Phelps</u>, 307 S.C. 361, 362, 415 S.E. 2d 397, 398 (1992), states, "It is fundamental that no judgment or order affecting the rights of a party to the cause <u>shall be made or rendered without notice tot he party whose rights are to be affected .</u>"**

The district court lost all jurisdiction once it did not adhere to The Constitution for the United States of America, the Fifth Amendment, and to the laws of the United States. The district court had no discretion to ignore the issue of its lack of jurisdiction. **<u>Joyce v. U. S.</u> , 474 F.2d 215 (3rd Circuit 1973), " There is no discretion to ignore "lack of jurisdiction.**

**<u>Rosemond v. Lambert</u>, 469 F. 2d 416 (5th Circuit 1972), " The burden shifts to the Court to**

proves its jurisdiction."

Sabrariego et al v. Maverick, 124 U.S. 261 (8 U. Ct. 461, 31 L. Ed. 430) 01/12/1888, citing

Windsor v. Mcveigh, 93 U. S. 274, 277, stating "This was said, it is true of the effect to be given in our

courts to the decree of a court in a foreign jurisdiction, but the rule is the same in regard to domestic

judgments, the record of which to be effective as evidence must show upon its face a case within the

apparent jurisdiction of the Court. If the mere decree and sentences of a court standing by itself, with

the record of those prior proceeding necessary in law to support the judgment is not receivable in

evidence of proof of its own legality, a fortori, no affect can be given to the proceedings in this case,

unless sustained by proof of the actual proceedings."

Also it states, " Whenever one is assailed in his person or property, said this Court in Windsor

v. McVeigh, 93 U. S. 274, 277 there he may defend, for the liability and the rights are inseparable. This

is a principle of natural justice, recognized as such by common intelligence of all nations. A sentence a

court pronounced against a party, without hearing him or giving him an opportunity to be heard IS

NOT A JUDICIAL DETERMINATION OF HIS RIGHTS, AND IS NOT ENTITLED TO RESPECT IN ANY OTHER

TRIBUNAL."

Earle v. McVeigh, 91 U. S. Ct. 503, 23 L. Ed. 398 February 14th, 1876, 1873 U. S. Lexus 1374,

where it states, "Due notice to the defendant(Plaintiff in this case) is essential to jurisdiction 504 of all

courts, as sufficiently it appears from the legal maxim, that no one shall be condemned in his person

or property without notice and the opportunity to be heard in his defence, is a maxim of universal

application.

Oless Brumfield et al v. United States of America, no. 14-31010 decided November 10th, 2015 citing Williams v. New Orleans Pub. Serv. Inc., 728 F. 2d 730, 735 (5th Circuit 1984) , "An order is void only if the Court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.

United States Aid Funds Inc. v. Espinosa, 557 U. S. 260, 270, 130 S. Ct. 1367, 1377(2010). "Although the term "void" describes as a result, rather than the condition that rendered a judgment unenforceable it suffices to say tha a void judgment is one that is affected by a fundamental infirmity that the infirmity , that the infirmity may be raised even after the judgment becomes final... The list of theses infirmities is exceedingly short, otherwise, Rule 60(b)(4) 's exception to finality would swallow the rule."

The Court decided however that Espinosa presented no opportunity to review lower court's assertions, construing Rule 60(b)(4) that a judgment is void void because of a jurisdictional defect only in the exceptional case, in which the Court that rendered judgment LACKED EVEN AN ARGUABLE BASIS FOR JURISDICTION."

In Thomas' Plaintiff's Objection to Memorandum and Recommendation For Summary Judgment Thomas raised the issue of the district court's jurisdiction over the Motion for Summary Judgment, see ROA.882-885. The district court did not address the issue and there is no where on the record where it shows it was addressed and it was proven the district court had subject matter jurisdiction.

Thomas raised the issue of the district court's jurisdiction in Thomas' **Plaintiff's Motion to Dismiss In Support Plaintiff's Motion for Injunction**, see ROA.923-948.

Thomas raised once again raised the issue the district court's lack of jurisdiction in Thomas' **Plaintiff's Motion for Injunction**, see ROA.944-948. Once again the issue was not addressed by the district court.

Moreover the three filing , Plaintiff. Objection to Memorandum and Recommendation for Summary Judgment, see ROA.882-913. Plaintiff's Motion to Dismiss in Support Plaintiff's Motion for Injunction, see ROA.923-943.,and Plaintiff's Motion for Injunction, see ROA.944-948., went unopposed by the Employers and the district court refused the address and prove its subject matter jurisdiction.

### The District Court's lack of Impartiality

The district court did not adhere to its statutory oath 28 USC 453 where it mandates the district court to be impartial.

Thomas claims of sex, age and race discrimination was dismissed in error by the district because because the district court did not fully and materially engage Thomas' facts and evidence.

When a court is considering a motion to dismiss, the standard has been set out by the United States Supreme court in **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)** quoting **Bell Alt. Corp. v. Twombly, 550 U. S. 544, 570(2007) ,states, " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw REASONABLE INFERENCE that the defendant is liable for the conduct alleged."**

It was a motion for summary judgment that was before the court to consider, therefore the Court had to consider the full record before it, to see if Thomas had stated claims. The district court wanted to differential in a claim species, verses the claim, which is stated in **Ashcroft v. Iqbal**,.

Thomas plead sex, age and race discrimination in his Second Verified Amended Compliant, see ROA.135-145.

When the court was determining whether Thomas made a prima facie case for his sex, age , and race discrimination claims the **McDonnel Douglas Burden Shitting is utilized.**

There are 4 prongs that Thomas must satisfy to make a prima facie case (1) he was in a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action, and (4) the employer promoted or hired someone outside of his protected class under nearly identical circumstances. **McMullins v. Miss. Dep't of Pub. Safety, 782 F. 3d 251, 258 (5th Circuit 2015).**

The issue that must first be resolved is, did the employer require temporary employees to apply directly to the employer, or did the employer have a "working interview" system in place, where temporary employees applied for the position through the temporary agency, and once the employer was satisfied with the temporary employee's work, he was then hired on without having to actually apply for the position through the permanent employer.

**2. Did the district court erred when it did nor adhere to Tolan v. Cotton, 572 U. S. 650 (2014), where it weighed the evidence on this issue and did not believe the nonmovant and give all inference to the nonmovant?**

**The Employer did not require an application**

The district court did not believe Thomas, did not give all justifiable inference to Thomas, and weighed the evidence, and did so against Thomas. This was an error.

The Employer did not require temporary employees to apply for the full time positions with the Employer, until September 30th, 2016 ( way outside he date Thomas made his claims of age, race and sex discrimination) and Thomas was informed of the change by Christina Dittmar, see ROA.715-719.

At that time all the issues Thomas had raised in in first internal complaint was then changed. By the employer.

There would no longer be a "working interview" (where you did not have to apply for the position, if the employers like your work, you was hired and then filled out the Employer application.), training was no longer a guarantee(prior it was a prerequisite to being hired on), the positions were now being posted on www.applicantpro.com where prior to September 30th, 2016 they were not being posted.  On September 30th, 2016 those issues were raised in Thomas' first internal complaint, see ROA.803-809.

The terms and conditions, the employment opportunities, employment status were all changed due to these changes along with the employer stop turning in temporary employees time card and letting temporary employees attend the "All Employee Meetings" instead temporary employees had to continue to work, see ROA.137-138.

All of these acts were adverse employment actions, under **Burlington Northern & Santa Fe Railway Co. v. White, 548 U. S. 53 (2006).**

For the employer to put  the reason that Thomas was not given a full time position is discriminatory(sex, age and race) as well as retaliatory and as a matter of law the employers motion for summary judgment should be vacated.

Sex discrimination Margie and Sarah both European- Americans females started with the employer as temporary employees as Thomas did and was hired on full time by the employers without having to fill out an application for the position. They went through a "Working interview>"

Age and Race discrimination Silva, Kroll, Stephens, Flores, Kirchkoff all European- Americans, under the age of forty and started as temporary employees as Thomas did and went through a "working interview" and was hired on hired on full time by employer with out having to fill out an application with employer.

Retaliatory The employer changed their policy after Thomas after Thomas had filed his first internal complaint, see ROA.803-809, this policy was put it place the same day Thomas received additional disciplinary action on 09/30216, see ROA.831-833; where the terms and conditions of Thomas employment was changed and another obstacle was put in place to continue to deny Thomas employment after Thomas was already promised employment back in September 2015, see ROA.803.

Based on the employers own proffer for not hiring Thomas the employers motion for summary judgment should be vacated as a matter of law.

Therefore the district erred when it found that Thomas did not make a prima facie showing of discrimination for hiring because Thomas did apply for the position, the district court erred when it did

31

not believe Thomas, when Thomas stated that the employer did not require an application to be filled out with them, prior to be hired and that the temporary employees before September 30th, 2016 did not fill out an application with the employer prior to being hired full time by the employer, see ROA797.

Kroll, Silvia, Kichkoff, Flores, Stephens under the age of 40 and not African-American, AND Margie and Sarah, females, was hired before September 30th,2016 by the employer full time and did not apply for the position, because the positions were not being posted, see ROA762-765; ROA.890-896. For the employer to give that as a reason for not hiring Thomas is a discriminatory and retaliatory reason and can not be accepted as legitimate by this Court under the McDonnell Douglas Shifting Framework.

Therefore Thomas suffered an adverse employment action by the employer not hiring Thomas and a genuine issue of material fact exist in **sex, age and race discrimination, first set of claims.**

**Tolan v. Cotton, 572 U. S. 650 (2014).** The United States Supreme Court states the Appeals Court of the 5th Circuit, "[F]ailed to credit evidence that contradicted some of the key factual conclusions... Improperly weighed the evidence and resolved the disputed issue in favor of the defendant. "Talon Sip Op.,at 8 **(quoting Anderson v. Liberty Lobby Inc., 477 U. S. 242, 249 (1986).** The United States Supreme Court on to state that the Court is "not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Tolan Slip Op., at 7 (quoting **Anderson 477 U. S. at 249). Tolan,** "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in favor." **Anderson v. Liberty Lobby Inc., 477 U. S. at 249).**

The employer had a "working interview" policy up until September 30, 2016. Temporary

employees applied for the position through a temporary agency and if the employers were satisfied with your work, the employer then hired you on permanent and at that time you would fill out an application with the employer.

Thomas put forth facts and evidence to support this issue and the district court ignored **Tolan** and weighed the evidence in the employers favor and failed to give all justifiable inference to Thomas, and did not believe Thomas. This led to the district court finding that Thomas did not make a prima facie case on his race and age discrimination because he did not apply for the position. This was a clear error by the district court.

First, Thomas was taken to Billy Baxter's Office by Terry Jalufka in September 2015, where Thomas was informed by Baxter with Jalufka present that the employer was going to be hiring five temporary employees to full time employees, but Thomas was not going to be one of them, but they liked my work and for me to keep up the good work and continue to come to work and I was next in line to be hired on full time with the employer in two to three months, see ROA.803. This is an undisputed fact.

Now we go to inference. Thomas had not applied for a full time position with the employer, so why would they feel the need to tell Thomas I was not getting something Thomas did not apply for and Thomas was next in line for a full time position Thomas did not apply for. Answer, because it was a "working interview", and the five persons that the employer hired in September 2015 never applied for the full time positions, because they were never posted, and the employer did not start posting them until September 30, 2016 where an emailed was sent to Thomas advising him of the change., see

33

ROA.715-719.

The attachment had a section titled **"Employment at Grundfos",** Where now it is making Thomas.aware of the change, where it states, "It is NOT a "working interview". Why would the employer need to tell Thomas it is not a "working interview", see ROA. 718. Where did that "working interview issue come from?

Thomas was told by Christina Dittmar of Link Staffing(the temporary agency IThomaswas hired through and sent to the employer) and Jalufka my supervisor at the employer location, that if the employer liked my work I would be hired on in three months, see ROA.797; ROA.763-764;ROA.893-894.

Thomas has always said employer did not start posting the positions until September 30th, 2016, see ROA.718. Thomas discrimination claims sex, age , and race came from acts that occurred before September 30th, 2016. The last one was actually April 2016, before the employers' "hiring freeze".

The district did not fully engage the facts and evidence that Thomas was hired through the temporary agency, Link staffing and was on a "working interview" with the employer, because then a genuine issue of material fact arises in all of Thomas' discrimination claims, sex, race, and age, as well as retaliation.

The district impartiality continued when it came to training of temporary employees.

### TRAINING PROVIDED BY EMPLOYER

The magistrate judge in this case stated that Thomas did not identify Voss and Matthew's race, see ROA.865. This is false the magistrate judge ignored ROA.827 ; where clearly Thomas identified Voss and Thompson as European-Americans, under the age of 40.

34

The magistrate judge in this case stated Thomas put forth no evidence  that lack of training led to any further consequences for Thomas, because Grundfos has presented evidence that their was no sequential training program in place at the Brookshire location where Thomas worked. See ROA.865-866

This is just further examples of the district court 's **error in** not applying **Tolan v. Cotton**, nonmovant is to be believed, the Court is not be weigh the evidence, and all justifiable inference is to go the nonmovant. See ROA.804; first paragraph, last three lines.

**Burlington Northern & Santa Fe Railway Co. v. White, 548 U. S. 53 (2006). states,** In affirming , the Sixth Circuit applied the same standard for retaliation it applies to a substantive discrimination offense, holding that a retaliation plaintiff must show an "Adverse Employment Action", defined as a materially adverse change in the terms and conditions of employment"

'The anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace. The language of the **substantive** and anti-retaliation provisions differ in important ways. The terms "hire", "discharge", "compensation", **"terms",** **"conditions", or privileges of employment, employment opportunities" and status as an employee" explicitly limits THE SUBSTANTIVE PROVISION'S SCOPE TO ACTIONS THAT AFFECT "EMPLOYMENT" OR ALTER WORKPLACE CONDITIONS."**

The employer changed the terms and conditions of Thomas employment when the employers demoted Thomas from his apprenticeship training as an Assembly Mechanic and trained Voss and Thompson instead, two European- Americans under the age of 40.

The employers alter Thomas;' employment opportunity to become an Assembly Mechanic, full

time employee with the employer, when it would no longer train Thomas, instead trained Voss and Thompson. Making them qualified and Thomas unqualified, see ROA.892.

Thomas status as an employee changed when Thomas was removed from his apprenticeship position and placed back as a general labor while Voss and Thompson were trained as Assembly Mechanics.

Thomas terms and conditions changed when the employer failed to train and hire Thomas in two to three months as agreed to in the meeting on September 2015,ROA.803; instead the employers trained Voss and Thompson, while hiring Silva, Kirchkoff, Flores, Stephens all none African- American and under the age of 40, see ROA.762-765; ROA.806-805.

Thomas terms and condition was changed on September 30th, 2016 where Thomas now had to apply for the Assembly Mechanic position. See ROA.715-718.

All of these were adverse employment actions as well as the acts of not hiring Thomas and demoting Thomas from his apprenticeship as an Assembly Mechanic, back to general laborer. **Burlington Northern Santa Fe Railway Co. v. White.**

This is just another example of the lack of impartiality by the district court, the district court only states hiring, granting leave, discharging, promoting, or compensating, see ROA,865; even though the district court mentions **Burlington**, see ROA.864.

This well even be more profound as Thomas address his retaliation claims, which will explain why the district court did not engage Thomas' retaliation arguments and facts from his first set of claims from the first internal complaint filed, see ROA.803-809.

Voss and Thompson are European-Americans under the age of 40. Thomas was a victim of age and race discrimination because Voss and Thompson was afforded privileges that was not afforded to Thomas.

The terms and conditions of Thomas employment was changed where Thomas was told he was going to have to work for three months before he would be hired on full time, then he was not hired. Thomas was not required to fill out an application in order to be hired on full time. By not training Thomas as an Assembly Mechanic affected Thomas employment opportunities. Thomas was told he was going to be trained as an Assembly Mechanic in September 2015, see ROA.803;by Terry Jalufka and Billy Baxter told Thomas he was next in line to be hired in two to three months, but Thomas was not, this changed the terms and condition of my employment, they hired none African-Americans under the age of 40 instead, and with less time as a temporary employee with the employer. All of these things are adverse employment action and the district erred in ruling I did not show that Thomas had an adverse employment action happen to him. All of the above was an adverse employment action, **Burlington Northern & Santa Fe Railway Co. v. White**.

Thomas stated in Plaintiff ex. #1, that in September 2015 Jalufka told Thomas once we return from Labor Day Holiday, Thomas training was going to begin, see ROA.803.

Thomas then states in February 2016 Terry then put me (Thomas) in Clean and Prep room, **later that month Terry came around and explained that he was going to train all temps in all areas for a month to ensure that all persons was BEING PROPERLY TRAIN IN ALL AREAS." See ROA.804.**

Thomas put forth evidence that being trained to build pumps was the prerequisite to being hired on full time, as part of the "working interview". In Plaintiff's ex.1 Thomas makes that point, where Thomas states, "This is retaliation for raising safety concerns breathing in metal dust from grinding on the impellers to balance them, **which have resulted in me being discriminated (age and race) against FOR TRAINING AND PROMOTION(BEING HIRED ON PERMANENTLY AS PROMISED BACK IN September . 2015.)** See ROA.804; ROA827. Thomas made it clear as did the employer in order to be hired On permanent you had to complete your training as an apprentice in the Trim and Balance Room and then actually building pumps. See ROA.775-782.

Thomas puts this scenario to this Court to show the adverse employment taken against Thomas by refusing to train, under the McDonnell Shifting of Burden Framework. If the employers would have hired Voss and Thompson as Assembly Mechanics ahead of Thomas and Thomas then filed a civil action against the employer for race and age discrimination for hiring Voss and Thompson ahead of Thomas,

The employer then presented their legitimate non discriminatory reason for hiring Voss and Thompson, because Voss and Thompson were more qualified for the Assembly Mechanic because they were actually trained and proficient at building pumps, where Thomas was not. Thomas case would have been dismissed with prejudice and rightfully so, the employers in training Voss and Thompson made them more qualified to be hired on with the employers ahead of Thomas, and being able to build pumps was the prerequisite, the "working interview." Voss and Thompson were given a privilege that was taken from Thomas and it changed his employment opportunities an adverse employment action.

The only reason that this scenario did not come into fruition, is because the employers had a

hiring freeze(Which was after April 2016 and all Thomas' claims came before the hiring freeze) in place.

The district court did not engage Thomas' arguments fully and materially, did not properly apply **Tolan v. Cotton**, where the nonmovant is the be believed, all justifiable inference is to go to the nonmovant and the Court is not to weigh the evidence. The district court's lack of impartiality resulted in it committing errors in not applying **Tolan**, and dismissing Thomas'age, race, and sex discrimination , as well as retaliation claims against the employer.

The district court's impartiality and refusal to correctly apply **Tolan** is just further evidence of the betrayal of their statutory oath under 28 USC 453.

**The district court erred when granted the employers' motion for summary judgment and dismissed Thomas' claims of sex, race, and age discrimination, hostile work environment, sexual harassment, and retaliation from the first set of claims, from the first internal complaint dated June 14th, 2016, see ROA,803-809. The district court also erred when it granted summary judgment to the employers' that dismissed Thomas' race discrimination(disparate treatment) and retaliation from the second set of claims that derives from the second internal complaint filed in October 2016, see ROA.810-821.**

## AGE  and RACE DISCRIMINATION

These arguments are for the first set of claims for age and race discrimination from the first I Internal complaint, see ROA-803-809.

The district court changed Thomas' age discrimination claim into an overtime age discrimination claim, and ruled that Thomas did not established adverse employment action and Thomas did not show that other similarly situated person were treated differently, see ROA.867. That is an error.

The district erred when it dismissed Thomas age and race discrimination claims when "adverse employment actions in fact took place.

An adverse employment action in the discrimination context refers to "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." **Felton v. Polles, 315 F. 3d 470, 486 (5th Circuit 2002), overruled on other grounds by Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). ROA.864.**

The district court left out many important "adverse employment action" can be taken against an employee like :"terms", "conditions, or privileges of employment", "employment opportunities, and status as an employee."

The employer committed several "adverse employment actions" against Thomas other than failure to hire.

As Thomas outlines above in **Training Provided by Employer** there were several "adverse employment actions" taken against Thomas.

The terms and conditions, Thomas was told he would only have to work three months as a temporary employee and if the employer liked my work Thomas would be made full time, see ROA.764.

Thomas was not made full time in three months as promised by Dittmar of Link Staffing and Jalufka of Grundfos, CBS, instead the employer hired none African- American employees under the age

of 40 ahead of Thomas, see ROA.805-806;ROA.139-140;ROA.775-781;890-896.

Thomas terms and conditions were changed where Thomas was now required to apply for the position, when that was not the case prior to September 30th, 2016, see ROA.715-781; when Silva, Kirchkoff, Flores, Stephens , and Kroll ( all none African- American and under the age of 40)were hired ahead of Thomas and without having to apply and after Thomas was promised the next position in September 2015 by Billy Baxter, the production manager.

Thomas terms and conditions were changed, his "employment opportunity to be a full time Assembly Mechanic was taken away, his privileges of employment was taken away and his status as an employee was changed when Thomas was promised to be trained as an Assembly Mechanic and was stripped of that opportunity and given to Voss and Thompson, and Silva, Kroll, Kirchkoff, Flores , and Stephens were made full time ahead of Thomas, even after he was promised the position.

Thomas ask this Court to see ROA.806, where Thomas states, " I was not permitted **overtime when Sosa, Winston, and Womack under the age of of 40 were, when their were a variety of shifts being made.** Clearly Thomas made out an age discrimination claim that shows an adverse employment action, due to loss of overtime compensation.  Lost of compensation is an adverse employment action. Thomas asks this Court to see ROA.805. Thomas states, In training purposes all the **temporary employees(Jorge Sosa, Anthony Winston, Matthew Thompson, and Jonathan L.) in the assembly area THAT ARE UNDER THE AGE OF 40 YEARS OLD HAVE BEEN TRAINED AHEAD OF ME IN THE TRIM AND BALANCE AREA.** This too was an error by the Court, clearly I showed similarly situated person under the age of 40 were treated more favorably than Thomas. The Court did not fully and material engage these

facts, if so a genuine issue of material fact will arise, because Thomas was not being given the same privileges.

The district court once again wanted to make a species of age discrimination, now it is age discrimination for hire and the claim of age discrimination, that is set out in **Ashcroft v. Iqbal.**

The district court now argues that Thomas did not plead a claim of age discrimination based on failure to be hired for a permanent position. See ROA.866.

Thomas plead a claim of age discrimination and in response to the Employer motion for summary judgment, Thomas put forth facts to show that age discrimination took place, because the Employer hired temporary employees to full time when Thomas had been there longer and had been promised the next permanent position.

Thomas asks this Court to see ROA.805-806. Thomas states, "I n December 2015 Billy Baxter and Grundfos made **Bernie Flores and Rick Stephens permanent, both non African American and BOTH UNDER THE AGE OF 40.**

Thomas then go on to state in April 2016 Billy Baxter and Grundfos made Todd Kirchkoff and Alex Siva permanent, both are non African- American and **are under the age of 40."**

Therefore **age and race discrimination** were addressed as it came to the hiring of Flores, Silva, Stephens, and Kirchkoff, and failure to hire is an adverse employment action and the district court erred in not ruling so. See ROA.796-798.

The district court once again showed it lack of impartiality when it failed to fully and materially engage my facts and evidence in the record before it, as it pertains to Thomas' race discrimination claim.

The district erred when it found that Thomas did not suffer an adverse employment action for failing to hire, because Thomas did not apply for the position with the employer, and the district court erred when it did not correctly apply **TOLAN v. Cotton**, where Thomas was to be believed, all justifiable inference was to go to Thomas, and the evidence was not be to weighed.

The employer did not require temporary employees to apply for full time positions with the employer prior to September 30th, 2016. See ROA.715-719; with special attention to **"Employment at Grundfos", ROA.718.; ROA.797.**

The employer did not require Silva, Kirchkoff, Flores, Stephens, and Kroll to apply for the full time position all whom are not African-American and under the age of 40, were hired ahead of Thomas after Thomas was promised the next full time position, see ROA.803. Therefore the reason the employer put forth to the Court was a discriminatory one and can not be accepted under the **McDonnell Douglas Burden Shifting Framework.** The reason must be none discriminatory and non retaliatory.

The district court states Thomas did not identify Matthew Thompson and Chris Voss race. Dkt. 90 at 47. The district court once again did not fully and materially engaged Thomas facts and evidence put forth in the record before it. Thomas does in fact identify Thompson and Voss race, see ROA.,827. This lines up with Thomas Second Verified Amended Complaint, where Thomas states, " Two European-American males (Voss and Thompson)under the age of 40 were both moved ahead of me in training to become Assembly Mechanics, even though I had been there longer than both, they were not required to go through the same process before training as an Assembly Mechanic as Non European- Americans."

See ROA.139. Thomas was not afforded those privileges.

### Sex Discrimination

Thomas plead out sex discrimination in his Second Verified Amended Cpmplaint, see ROA.135-138.

The district court erred when it dismissed Thomas' sex discrimination claim, when the district court did not engage the argument that Thomas was a victim of sex discrimination, when the Employer showed more favorable treatment to females, Sarah and Margie over Thomas an African-American male. See ROA.774-775. Failure to hire is an adverse employment action. Thomas was qualified for the position, see ROA.803.  Thomas is part of a protective class, male and African-American, the employer hired females instead of Thomas a male, therefore the employer hired someone outside Thomas' protected class, **McMullin v. Miss. Dep't of Pub. Safety, 782 F. 3d 251, 258 (5ᵗʰ Cir. 2015). ROA.864.**

Sarah and Margie did not have to apply for the position with the employer, they were hired after completing their "working interview" and the employer changed Thomas; terms and conditions, they were changed, after being told Thomas would only have to work three months before being hired on full time with the employer, see ROA.777; Thomas was not hired after three months , but Margie and Sarah was hired in three months.

Changing of terms and conditions is an adverse employment action, **Burlington Northern & Santa Fe Railway Co. v. White.**

The employer changed the "working interview" policy,  see ROA.715-718; and now Thomas have to apply for the position, and failure to make Thomas a full time employee in two to three as

promised in September 2015 is a changed of terms and conditions, are therefore adverse employment action. It also affects Thomas employment opportunity, where now Thomas must compete for the full time position. The district court erred when it dismissed Thomas' sex discrimination claim against the employers.

### SEX DISCRIMINATION, SEXUAL HARASSMENT, AND HOSTILE WORK ENVIRONMENT

The court erred when it granted employers' summary judgment on Thomas; sex discrimination, sexual harassment, and hostile work environment.

The district court erred when it ruled that Thomas did not prove same- sex using the standard outline in **EEOC V. Boh Bros. Construction, Co. LLC, 731 F. 3d 444 (5th Cir. 2013). (1) he belongs to a protected class; (2) he was subjected to unwelcome sexual harassment; (3) the harassment was based on protected characteristic [his sex]; and (4) the harassment was so severe or pervasive that it affected a term, condition, or privilege' of employment.**

Thomas (1) belongs to a protected class(male), (2) he was subjected to unwelcome sexual harassment(Thomas at not time participated in this sexual behavior and filed an internal complaint because of the behavior)

(3) the harassment was based on my protected characteristic sex as a male.

This conduct was totally male on male at no time do Thomas allege any of this sexual misconduct was done on a female, it was always on males, see ROA.803-809; ROA.793-796; ROA.136-137; ROA.765-775. This sexual behavior of sexual innuendos, sexual gestures, sexual jokes, sexual stories, sexual fondling, and sexual dreams were all male on male for the entire time Thomas was

assigned to the employers' work site until Thomas filed the first internal complaint.

The district court stating Thomas did not prove same-same contradicts the district court, see ROA.871; " Thomas alleges same-sex harassment by Jorge Sosa(co-worker), John Tayor (Senior Assembly Mechanic Lead) , and Terry Jalufka (Senior Assembly Mechanic Lead) **These are the only alleged harassers mentioned in Thomas's June 14th, 2016 complaint." These are all males, so Thomas put forth a same-sex claim of harassment.**

The only other issue of sexual harassment that Thomas spoke of, was of the belittling and demeaning of women on December 2015, that was to show the employers' had actual notice of the sexual harassment and took no action. The employer have put no evidence to contrary and the district court speak of none to the contrary. Therefore Thomas has met the same-sex prong.

Males were the **primarily target and really the only target,  Quick v. Donaldson, Co., 90F. 3d 1372 (8th Cir. (1996), citing Kopp v. Samaritan Health Services, 13 F. 3d 264, 268 (8th Cir. 1993),** states, "Evidence that members of one sex were the primarily target of the harassment is sufficient to show that the conduct was gender base for the purpose of summary judgment, **Kopp 13 F. 3d 269-270".** (incidents of abuse involving women satisfied requirement of gender base conduct).

(4) The harassment was so sever or pervasive that it affected the terms, condition, or privilege' of employment.

The district court did not engage the severe and pervasive aspect of the arguments Thomas put forth.

Paddi Riopelle admitted in a meeting, the sexual conduct that Thomas had complained of was a

46

culture and nearly everyone in the room were participating in it. Jonathan Hamp-Adam stated if he had

known this was going on for as long as it had been going on he would have put a stop to it. Roy Blair

stated this had being going on for 15 years. See ROA.137; ROA.795; ROA.769.

The district court ignore Steve Marshall's declaration, statement #10, where Marshall states the

action taken after Thomas sexual harassment internal complaint, he shows where Jalufka and Sosa were

terminated, Taylor was emoted, and a **written warning was issued to ALL IN THE FACILITY'S**

**PRODUCTION DEPARTMENT. Buddy badges were distributed to temporary employees . See.ROA.706.**

The district court erred when it found that Thomas did not show the harassment was severe or

pervasive.

Culture-the set of shared attitudes, values, goals, and practices that characterizes an institution

or organization.

Pervasive- spreading widely throughout an area or group of people.

If it is a culture, it is pervasive, if it has been going on for 15 years, it is pervasive, if nearly

everyone is doing it, it is pervasive, but the district court refused to engaged the arguments Thomas put

forth to support that.

The district court states Thomas did not put forth any evidence that it had changed the terms

and conditions of Thomas employment. See ROA.806; where Thomas states he is afraid to bend over at

work to do his job, how he is no longer comfortable brushing up against other males, or that Thomas

can not get the image out of his mind. How Thomas get enraged whenever he hears Sosa voice. That it

was mental abuse. The district got did not engaged that because then a genuine issue of material fact

emerges. This was clear bias by the district court and error.

The district court states Thomas did not prove same sex, but it contradicts what it states in its entry. The district court states that Thomas only alleges sexual harassment from three co-workers, Jorge Sosa, John Taylor, and Terry Jalufka, these are all males (same-sex). See ROA,871.

The district court is limiting Thomas claims of sexual harassment to three persons in Plaintiff's exhibit 1, see ROA-803-809. This is another example of the district court not being impartial, when Thomas speaks of the sexual harassment and hostile work environment in several forms. Therefore based on that, the district court erred in granting summary judgment to the employer.

The district court states that Thomas only speaks of three employees sexually harassing me, Jorge Sosa (temporary employee), John Taylor ( was Thomas' assistant supervisor, not just a Senior Assembly Mechanic Lead) and Terry Jalufka (was Thomas supervisor, not just a Senior Assembly Mechanic Lead). Taylor (JT) was my supervisor as was Jalufka.

The district court did not engage the argument that the employer never had informed Thomas of how to report any harassing behavior, and the district failed to engage the fact that the employer did not take prompt remedial action when it learned of sexual harassment, see ROA.820; ROA.793;where Steve Marshall,(Vice President of Operations), Billy Baxter( production manager), Paddi Riopelle (Human Resource Director), Chau Nguyen(Human Resources) witnessed sexual harassment and said nothing, resulting in Claudia Myrick yelling at the harasser, "WHAT ABOUT MEN"!!! This was in December 2015.

Anthony Winston reported the sexual misconduct to Jalufka and Baxter, see ROA.793; and no

48

prompt remedial action was taken, therefore the district court erred when it granted summary

judgment to the employers on Thomas sexual harassment, hostile work environment, and sex

discrimination. This was going on for over 15 years, Thomas was told this by Roy Blair who had been

with the employers for nearly 20 years.

The employer did not take prompt remedial action when Jalufka, Baxter, and Marshall were

participating in this male on male sexual harassment., see ROA795

The employer had no affirmative defense since Thomas assignment was ended by the Employer

and Thomas was terminated by Link Staffing, also the employer had not disseminated its harassment

policy among its employees therefore the district court could not have found that the employer

exercised reasonable care. **Faragher v. City of Boca Raton, 524 U. S. 775, 118 U. S. Ct. 2275, 2289, 141**

**L. Ed. 2D, 662 (1998),** states, " No affirmative defense is available however when the supervisors

harassment culminates in a tangible employment action such as discharge, demotion, or undesirable

assignment." "The city had entirely failed to disseminate its policy against sexual harassment among the

breach employees and that its officials made no attempt to keep track of the conduct of supervisors, like

[Faragher]" wrote Justice Souter, [u]nder such circumstances we hold as **a matter of law that the city**

**could be found to have exercised reasonable care to prevent the supervisor's harassing conduct. See**

**ROA.897-898.** See 900-901; ROA.137.

The district court did not acknowledge the fact that  Thomas' supervisor Jalufka

harassing behavior culminating in Thomas being disciplined for reporting it and ultimately Thomas

49

assignment ended by the employer and Thomas terminated by Link Staffing.

## RETALIATION

Thomas want to ask this Court to give special attention to 21-20066.ROA.771-772; this is Link Staffing policy on reporting harassing behavior and give special attention to **"PROCEDURES ON HARASSMENT POLICY", 21-20066.ROA.772;** here it shows that the disciplinary action, see ROA.831-833; taken against Thomas for a policy violation, for raising harassment issues with the employers was a total fraud and manufactured, and only created for the sole purpose to prevent Thomas from participating in protected activity. The policy encourages Thomas to go the work site supervisor and Human Resources if Thomas had an issue on the work site, the very thing Thomas did , and the employer and Link Staffing then manufactured a policy violation to retaliate and intimidate Thomas. See ROA.759. Thomas stated there were nothing in the policy that stated Thomas can not approach the employer, to the contrary, Dittmar told me, as well as the video Thomas watched, to go to the supervisor, if Thomas have an issue on site and do not just quit. This was a fraud and a farce committed upon Thomas. **This farce and fraud changed all Thomas' terms, conditions, privileges, status of employment, employment opportunities. Thomas asks this Court to rule as such. Thomas was kicked out of "All Employees Meetings' that was approach by full time employees about Thomas internal complaint, remarks were being made when Thomas was around, for all to be quiet so Thomas would not get offended. The Employer changed the :working interview" policy and required Thomas to now apply for the position. All adverse employment actions.**

The district court erred when it found Thomas did not suffer a tangible employment action.

The district court erred when it granted employers motion for summary judgment, but the district court did not engage Thomas retaliation from the first set of claims from the first internal complaint. This is once again where **Burlington Northern & Santa Fe Railway Co. v. White** become relevant in anti retaliation and it also shows an adverse employment action taken against Thomas for filing the first internal complaint, see ROA.803-809. They both go together.

Thomas was retaliated against for filing the internal complaint, see ROA-803-809.

Thomas outlines this retaliation, see ROA.137-138. Where Thomas states he and the other temporary employees were ostracized after Thomas filed the internal complaint of sexual harassment and hostile work environment. The district court did not engage these facts. The employers no longer allowed Thomas and all the other temporary employees to attend the " All Employees Meeting" as prior to the filing. Thomas and the other employees had to continue to work while the full time employees were in the meeting eating and drinking. Thomas and the other temporary employees had to now go to Link Staffing and turn in our own time cards, where Jalufka was doing it prior to Thomas complaint. Thomas and the other temporary employees were given their assignment and told to go to their areas, while the full time employees continued to stay back in the meeting talking. This resulted in tension and division with Adolph Sanchez coming up to Thomas and asking Thomas was I trying to get people fired. Mike and Kenny would see Thomas and say be quiet, do not want any one to get anyone offended.

Thomas was disciplined three times for filing that internal complaint, on August 23rd, 2016,

September 1st, 2016 and September 30th, 2016, see ROA.831-833; which culminated in Thomas assignment being ended by the employer and terminated by Link Staffing. This was a violation of the Opposition Clause, 42 USC 2000e- 3(a) and **Crawford.**

Thomas was disciplined on September 30th, 2016 for filing that first internal complaint and the Employers then changed their policy where there was no more "working interview" and Thomas now had to apply for the position which was not the case prior to Thomas filing the internal complaint.

Thomas had tangible employment action taken against him which changed the terms and conditions of his employment, (1) kicked out of all employees meeting, had to work during those meetings, (2) the "working interview" policy was changed, (3) Thomas now had to apply for the position, (4)Thomas had to take off work early to now turn in its time card to Link Staffing, Thomas temporary agency (5) There were now tension between the full time employees and temporary employees, and (6) Thomas was disciplined 3 times for filing that first internal complaint, on August 23rd, 2016, September 1st, 2016, and September 30th, 2016, which culminated in Thomas getting his Final written warning on October 17th, 2016, having his computer access cut off by the employer on the morning of October 18th, 2016, where other temporary employees still had computer access to effectively do their jobs, and Thomas assignment was ended by the employers on October 18th 2016 and Link Staffing terminated Thomas on October 18th, 2016, this is all tangible employment action against Thomas, adverse employment action that changed Thomas terms and conditions of employment, as well as privileges, and employment opportunities.

**Burlington Northern & Santa Fe Railway Co. v. White.** This was retaliation for participating in

protected activity and these acts were done to dissuade Thomas from doing so, and the disciplinary says

just that, see ROA.831-833. This is direct evidence of retaliation for participating in protected activity.

## RACE DISCRIMINATION

This is race discrimination that derives from the second internal complaint Thomas filed, see

ROA.810-821.

The district erred in granting summary judgment on this race discrimination claim when the

district court did not engage the race discrimination from Thomas second internal complaint.

The employers were requiring none European Americans to work two time s longer or more as

temporary employees before the employer made a decision on their employment status and that

included Thomas as an African-American, these temporary employees were African-American, Mexican-

American, and Arab-American. See ROA.781-782; ROA.811-814. Obviously all these persons, African

American, Mexican-American, and Arab- American were (1)part of the protected class, (2)were qualified

for the position (because they were eventually hired for the position), (3)were treated less favorable

than someone outside the protected class, European Americans (4) had an adverse employment action

taken against, (by not hiring them they lost benefits, pay increase, vacation, and bonuses). Therefore all

elements are meet are under the McDonnell Douglas Burden Shifting Framework and **Mcmullins v.**

**Miss. Dep't of Public Safety, 782 F. 3d 251, 258 (5ᵗʰ Cir. 2015)**

The district erred in dismissing Thomas second claim of race discrimination arbitrarily ,without

any legal analysis and rationale. Just dismissed it this is an error by the district court.

## RACE RETALIATION

This is race retaliation, the second claim of race retaliation that derives from the second internal complaint Thomas filed, see ROA.810-821.

The district court erred when it dismissed Thomas second race retaliation claim, when the district court did not fully and materially engaged Thomas' argument.

The first fact the district court ignored was that Thomas was disciplined on October 17th, 2016 prior to having his assignment terminated by the employer. The disciplinary action the "Final Warning" was a fraud and a farce, there was no policy violation it was all made up by Link Staffing and the employers, as they continued to executed this fraud and farce up on Thomas. Thomas asks this Court to see ROA.831-833; where Thomas was disciplined several times for raising the issues of harassment, discrimination, and hostile work environment. Thomas was disciplined because Link Staffing claimed Thomas was violating it s policy, but to the total contrary, Thomas was in fact adhering to Link Staffing policy, see 21-20066.ROA.771-772; give special attention to **"PROCEDURES ON HARASSMENT POLICY"**. See 21-20066.ROA.772. This policy encourages Thomas to go to Thomas' work site supervisor and Human Resources, the very thing Thomas did, and was disciplined and it culminated in Thomas' assignment being ended by the employer and terminated by Link Staffing. Thomas put forth arguments to the district court that Thomas was told by Dittmar of Link Staffing, as well as the video Thomas watched during orientation, that if Thomas had a problem go to the work sit e supervisor ,do not just

quit, see ROA.759. This fraud and farce changed the terms and conditions of my employment ("working interview' policy was changed , Thomas had to now apply for the position instead of being given the position I was promised back in September 2015), the status of my employment (Thomas assignment was ended and Thomas was terminated by Link Staffing), Thomas' employment opportunities was affected, ( Link Staffing did not have any employment within its company for Thomas). This goes against the anti -retaliation that **Burlington Northern & Santa Fe Railway Co. v. White** makes it a claim for retaliation, this is direct retaliation. It was a changed in my employment when the employers cut my access to the computer where Thomas could not do his job, see ROA.816; and Thomas was made to go home early, where other temporary employees were permitted to work the whole day, where compensation was lost. See ROA.819.

**The district court erred when it accepted "hearsay" of Marshall as the proffered reason for Thomas assignment being ended .**

The district court erred when it accepted "Hearsay" by Steve Marshall for the reason proffered for Thomas assignment being ended.

Rule 56(c)(4) , Affidavits and Declarations. An affidavit or declaration used to support or oppose a motion **must be made with personal knowledge** , set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Marshall presented statements in which Marshall had no personal acknowledge, Marshall was not present when the conversation took place between Christine O'Brien, Paddi Riopelle and Thomas,

about Marshall's prior alleged sexual harassment from a previous job. See ROA-704-707; with special attention to #11 where Marshall states, " On or about October 17[th], 2016, Mr. Thomas told Ms. Riopelle and Link Staffing employees that Mr. Marshall had been dismissed by his previous employer due to sexual harassment, and that it had caused his marriage to end, Mr. Thomas did not allege that Mr. Marshall had engaged in any inappropriate conduct at GCB or had done anything improper relating to him. GCB has not received any sexual harassment complaints against Mr. Marshall, and found Mr. Thomas statements to be concerning and simply an attempt to harm Mr. Marshall's reputation.

#12." Accordingly, Mr.Thomas's assignment at GCB ended on October 1818, 2016 due to his comments about Mr. Marshall.

This is "hearsay" and inadmissible and the district court erred when using it as a legitimate proffered reason for ending Thomas' assignment. Marshall was not present at that meeting between Riopelle and Link Staffing employees and Thomas and would have no personal knowledge of what was said and in what context it was said, not admissible.

GCB is a company and Marshall would not have any first hand knowledge if any harassment complaints were filed against Marshall. Thomas did not file his complaints with GCB, see ROA.810-821; with special attention to ROA.810; at the where it states " To: Mads Nipper/Henrik Christiansen." Thomas' complaint was not given to Marshall, so Marshall would have no personal knowledge what was or what was not in them. Also see ROA.830; ROA.803-809; the first internal complaint had two parts to it. See ROA.830; at the very top the complaints, they were not sent to Marshall, they were sent to

"Duncan Cooper, Corporate Human Resources, Mads Nipper, Internal Human Resources" This is "hearsay" and is inadmissible and the district court erred when it did not address the objection Thomas made. See ROA.784-787; ROA.886-887.

GCB is a company and can not find Thomas statements to be concerning and simply an attempt to harm Mr. Marshall's reputation. This is "hearsay" and not admissible and the district court erred in accepting it and erred in granting summary judgment on Thomas' second retaliation claim.

Thomas was participating in protected activity, see ROA.810-821; with special attention to ROA.820; Thomas was reporting an incident of sexual harassment that had taken place on December 2015 and gave his opinion by Steve Marshall did not address the sexual harassment at that time and why the sexual harassment culture had persisted at GCB.

Thomas was asking for a further investigation into the sexual harassment that was taking place at GCB it was protected activity and the reason given by the employer is a retaliatory one and the district court erred in granting the employers summary judgment.

The district court erred in granting the employers summary judgment on Thomas retaliation claim because this activity is protected under the Opposition Clause, 42 USC 2000e 3(a). **Equal Employment Opportunity Commission v, Riteway Service, Inc., no.15-60380, (5ᵗʰ Cir. 4/8/2016),** "The Anti-Retaliation Clause 42 USC 2000-e 3(a) it shall be unlawful employment practice for an employer to discriminate against any of his employee or applicants for employment... **because he has opposed ANY PRACTICE MADE AN UNLAWFUL EMPLOYMENT PRACTICE BY THIS SUBCHAPTER, OR BECAUSE HE**

**MADE A CHARGE TESTIFIED, ASSISTED OR PARTICIPATED IN "ANY" MANNER IN AN INVESTIGATION, PROCEEDING, OR HEARING UNDER THIS SUBCHAPTER. "42 USC 2000-e 3(a)."**

"The first clause whci protects conduct that "**has opposed ANY practice made an unlawful employment practice, is referred to as the OPPOSITION CLAUSE.**" Crawford, 555 u s at 274. **Crawford v. Metro. Gov't of Nashville and Davidson City Tennessee, 555 u. s. 271 (2009) Protected Opposition.** See ROA.905-912.

This Opposition Clause protected Thomas from retaliation on both sets of his retaliation claims and this is direct evidence of retaliation for participating in protected activity on both sets of Thomas retaliation claims.

Thomas overcame all pretext with temporal proximity the fact that Thomas was written up on October 17th, 2016, see ROA.831-833;, just 4 days after Thomas had raised the disparate treatment race discrimination (which also overcome pretext coupled with temporal proximity), see ROA.810-821; and on the morning of October 18th, 2016 Thomas' computer access was cut off, where he could not effectively do his job, later on the day of October 18th, 2016 Thomas was made to go home early losing pay, where other temporary employees were not. That too is retaliatory and an adverse employment action, lost of pay.

This is "Stark temporal proximity" which overcome any pretext the employers put forth for ending Thomas' assignment. **Cristian v. Hunter Building and Manufacturing, LP, no.17-20667 (5thCir. 11/14/2018).**

58

**Royal v. CCC & R Trres Arboles, LLC, 736 F. 3d 396, 400 (5th Cir. 2013), states,** "Evidence of disparate treatment between employees may be relevant **to the pretext inquiry,** but a Plaintiff who proffers the treatment of fellows employees as evidence of pretext must show that those employees were similarly situated to the Plaintiff, see Garcia, 938 F. 3d at 244. See ROA.906-907.

The district erred when it did not fully and materially engaged Thomas' arguments for his race retaliation claims.

### The Employer can be held liable for both sets of Thomas retaliation claims

The employers can be held liable under the "Cat Paw" Theory in the fact that employers worked in concert with Link Staffing as they provided the conference room and paid time for this retaliation to take place, they worked with Link Staffing in changing the terms and conditions of Thomas employment by changing the "working interview" policy and required that Thomas now apply for the job. The employers was a joint employer and this issues were not disputed as Thomas argued them. See ROA.754-758.

The employers can be held liable under Uniformed Services Employment and Re Employment Rights Act, as the Court points out in the United States Supreme Court case, **Staub v. Proctor Hospital, 562 U. S. 411 (2011),** "The Supreme Court held that under the "Cat Paw" Theory an employer can be held liable for retaliation under the Uniformed Services Employment and Re Employment Rights Act even if the ultimate decision maker herself holds no retaliatory animus as long as the Plaintiff demonstrates her decision was influenced by another who does hold such animus."

Thomas has demonstrated that Link Staffing decision was influenced by the employers, from

Paddi Riopeele being in the room with Link Staffing looking at Thomas' "Final Warning" on October 17th, 2016 and Baxter not letting Thomas go home until he called Dittmar at Link Staffing and Dittmar emailed Thomas the new changes made in the "working interview " policy and now having to apply for the position. To the Employer working with Link Staffing to exclude temporary employees from the "All Employee Meetings".

**This hold true for both sets of retaliation claims.**

The district court did not engage in Thomas arguments that the employer was liable for Thomas being terminated by Link Staffing, after the Employer ended my assignment, just another demonstration of both working in concert to retaliate and discriminate against Thomas.

Thomas discovered that the employers had a disparate treatment policy in place where the none European- Americans were permitted to work two times longer or more than European-Americans, this too coupled with temporal proximity would get Thomas over the line for pretext.

**The Memorandum and Recommendations, the Orders Adopting the Memorandum and Recommendations, the Final Judgment, and the Memorandum and Recommendation Post Judgment is null and void because they are inconsistent with due process, and/or lack of jurisdiction, and/or no record of the proceedings, and/or lack of authority to enter in the Memorandum and Recommendations, the Orders Adopting the Memorandum and Recommendations, the Final Judgment, and the Memorandum and Recommendation Post Judgment.**

## MEMORANDUM AND RECOMMENDATIONS AND THE ORDER ADOPTING THE MEMORANDUM AND RECOMMENDATION OF Mads Nipper and Henrik Christansen

The Memorandum and Recommendation(M&R), ROA.237-244; and the Order Adopting the Memorandum and Recommendation(AM&R) , ROA.245.for defendants Mads Nipper and Henrik Christansen is null and void because they are inconsistent with due process, and the district court lacked the jurisdiction to act ,due to the fact it did not adhere to its statutory oath under 28 USC 453, therefore it lack the authority to act, because the district court actions were in conflict with the The Constitution for the United States of America, therefore the district court was stripped of its official capacity as judges and were merely acting as individuals, with no jurisdiction, or authority to enter in any ruling in this case, they have no full faith or credit. Also there is no record of the proceedings therefore it renders the M&R and AM&R null and void.

The district court entered in a null and void M&R and AM&R without giving Thomas the due process of law outline in the Fifth Amendment of the Constitution for the United States of America, procedural due process. Thomas was entitled to notice, an opportunity to be heard, and an impartial decision maker.

This is included in the district court's statutory oath, 28 USC 453, where the district court is mandated to follow and uphold the Constitution for the United States and all it s laws, as well as to be impartial. The district court's failure to adhere to 28USC 453 strips them of subject matter jurisdiction, **Old Wayne Mutual Associate v. McDonough, 204 U. S. 8, 27 S. Ct. 236(907) , see ROA.926.** The M&R and the AM&R is wanting for due process. The district court failure to give Thomas due process runs in direct conflict with the United States Constitution, Fifth Amendment and therefore its strips the district

61

court of its jurisdiction and official capacity as judges and the district court was acting as individuals, with no authority to act. **Scheuer v. Rhodes, 416 U. S. 232, 94 S. Ct. 1683, 1687(1974), see ROA.926.** The district court was trespassing upon the court and lost subject matter jurisdiction by not adhering to the federal constitution, Fifth Amendment and the laws of the United States.

With due process of notice Rule 12(c) and an opportunity to be heard Rule 12(i) there is no procedural due process and it has no legal effect **Griffin. v. Griffin, 327 U. S. 220, 66 S. Ct. 556, 90 L. Ed. 635 (02/25/1946), see ROA.925.** The M&R and the AM&R are null and void for no procedural due process.

There is no actual record of the proceedings which also renders the M&R and AM&R null and void **Sabariego et al v. Maverick, 124 U. S. 261 (8 S. Ct. 461, 31 L. Ed. 430) 01/12/1888 citing Windsor v. McVeigh, 93 U. S. 274, 277, see ROA.927.**

Rule 12(c) requires notice, that a party must request a judgment on a Rule 12(b) motion and Thomas had to be heard as outlined in Rule 12(i), these are statutory requirements and the district court's failure to adhere to them, results in the district court losing subject matter jurisdiction for failure to adhere to their statutory oath 28USC 453, this is akin to lack of subject matter jurisdiction. **Old Wayne Mutual Associate** and **Scheuer v. Rhodes.** See ROA.944-948;ROA.934.

**The district court's Memorandum and Recommendations, the orders adopting the Memorandum and Recommendation, the Final Judgment, and the Memorandum and Recommendation Post Judgment is null and void, due to it being inconsistent with due process, lack of**

subject matter jurisdiction, no actual recording of the proceedings, the lack of authority for the district court to act. The district court was trespassing upon the Court.

### The Memorandum and Recommendation and the order adopting the Order Adopting the Memorandum and Recommendation for the Domestic Individual Defendants

The Memorandum and Recommendation, see ROA.279-282; and the order adopting the Memorandum and Recommendations, see ROA.310-311; is null and void, due to the fact it is inconsistent with procedure due process, **Griffin v. Griffin**, see ROA.925. They are also null and void due to the fact the district court did not adhere to its federal statutory oath, see ROA.926. The district court failed to adhere to the Fifth Amendment of he Constitution for the United States of America. See ROA.925.

Once the district court failed to adhere to The Constitution for the United States of America, not affording Thomas procedural due process of law which is mandated in the district court's federal statutory 28 USC 453, which governs the way in which judges carry out their duties, the district court then lost subject matter jurisdiction, **Old Wayne Mutual Associate, see ROA.926;** the district court became trespasser upon the court acting in their individual capacity, because they also had lost their official capacity to act as judges, they were acting without jurisdiction and authority, **Scheuer v. Rhodes**, see ROA.926.

There is no actual recording of the proceeding from the motion to dismiss that was filed by the Domestic individual defendants therefore, for that reason the Memorandum and Recommmendations and

order adopting is null and void, **Sabariego el at v. Maverick** citing **Windsor v. McVeigh**, see ROA.927.

Thomas was not given notice, therefore no judgment could be rendered against Thomas, **Assad v. Phelps, 307 S. C. 361, 362, 415 S. E. 2d 397, 398 (1992),** see ROA.926-927.

The Memorandum and Recommendation and the order adopting the Memorandum and Recommendation is inconsistent with due process therefore is null and void, **Oless Brumfield et al v. United States of America**, no. 14-31010 decided November 10th, 2015 citing **Williams v. New Orleans Pub. Serv. Inc., 728 F.2d 730, 735 (5th Circuit 1984),** "An order is void only if the Court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process." See ROA.927-928. **United States Aid Funds Inc., v. Espinosa, 557 U. S. 260, 270, 130 S. Ct. 1367, 1377(2010), states,** " Although the term "void" describes as a result, rather than the condition that rendered a judgment unenforceable it suffices to say a void judgment is one that is affect by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final... See ROA.928.

Thomas served a summons and complaint on the employer through it registered agent, which it had registered with the Texas Secretary of State's office. That registered agent was CT Corporation, Walter Klumer and the intake person for the Registered Agent was Ana Guel, on the date of May 17th, 2018, in which the service of the summons and complaint was executed by Angela Knutson and that proof of service was then filed with the Court, see ROA.92;ROA.94.

The domestic individual defendants were also served through their employers' Registered

agent, Jonathan Hamp-Adam, see ROA.95;Thomas Braun Larsen, see ROA.96;Steve Marshall, see

ROA.97; Paddi Riopelle, see ROA.98; Chau Nguyen, see ROA.99; Terry Jalufka, see ROA.100; Billy Baxter,

see ROA.101; Lonnie Padilla, see ROA. 102.

These summons and complaints were filed valid under Federal Rule of Civil Procedure 4(e)(2)(c)

**Rule 4 (e), SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES,**

**UNLESS FEDERAL LAW PROVIDES OTHERWISE, AN INDIVIDUAL OTHER THAN A MINOR, AN**

**INCOMPETENT PERSON OR A PERSON WHOSE WAIVER HAS BEEN FILED MAY BE SERVED IN A JUDICIAL**

**DISTRICT OF THE UNITED STATES BY: (2) doing one of the following, (c) delivering a copy of each to an**

**agent authorized by appointment or by law to receive service of process.**

Thomas was permitted by Rule 4(e)(2)(c) to serve a copy of each on of the individual defendants

through an agent authorized by law to receive service of process.

The state of Texas has such a law that permits a party to serve an individual through its

employer's registered agent. That is found under Texas Statute, Business Organization Code, Title 1,

General Provision, Chapter 5: Names of Entities: Registered Agents and Register Offices, Subchapter A:

General Provision.

The Texas state law that permitted Thomas to validly serve all the domestic Individual

defendants reads as follows.

**Section 5,201: DESIGNATION AND MAINTENANCE OF REGISTERED AGENT AND REGISTERED**

**OFFICE.**

(a) Each filing entity and each foreign entity shall designate and continuously maintain in this state:    (1) A registered agent, (2) A registered office

(b) The registered agent, (1) is an AGENT of the entity on whom maybe SERVED ANY PROCESS, notice or demand required or PERMITTED BY LAW to be served on the entity.

Section 5.206: DUTIES OF REGISTERED AGENT; (a) The only duties of a registered agent are too, (1) Receive or accept, and forward to the represented entity at the address most recent to registered agent by the represented entity, or otherwise notify the represented entity at that address regarding, ANY PROCESS, notice, or demand that is served on or received by the registered agent and (2) Provide the notices required or PERMITTED BY LAW to be given, to the represented entity to the address most recently provided to the registered agent, by by the represented entity.

Section 5.302: AGENT FOR THE SERIES; (a) The registered agent registered and maintained by a domestic limited liability company or foreign entity under SubChapter E is an AGENT OF EACH OF THE SERIES OF THE COMPANY OR ENTITY FOR "THE PURPOSE OF SERVICE OF PROCESS",notice , or demand required or PERMITTED BY LAW TO SERVED ON A PARTICULAR SERIES OF THE COMPANY OR ENTITY. (b) A process , notice, or demand required or permitted by law to be served on a series of a domestic liability company or foreign entity that is served o the company's entity's registered agent must include: (1) The name and address of the company or entity, and (2) The name of the series on which the process, notice, or demand is required or permitted to be served.

Section 5.303: DUTIES OF REGISTERED AGENT; (a) For the purpose of section 5.206, on service

66-

or receipt of process, notice, or demand that complies with the requirement of section 5.302(b), the

only duties of the regent registered agent are to: (1) Receive or accept and forward to the represented

domestic liability company  or foreign entity at the address most recently provided to the registered

agent by the represented company or entity, the process, notice, or demand that is served on or

received by the registered agent under section 5.302(b); (2) Or otherwise notify the represented

company or entity at the address described by subdivision (1) regarding the process, notice , or

demand that is served on or received by the registered agent under 5.302(b), (b) The registered agent

is not required to send a copy of the process, notice or demand DIRECTLY TO THE SERIES OF THE

REPRESENTED DOMESTIC LIABILITY COMPANY OR FOREIGN ENTITY.

     Series- a number of things, events, or people of a similar kind or elated nature coming one

after another.  See ROA. 928-931.

     The district court erred when Thomas made valid services on any and all of the domestic

individual defendants, but the district court dismissed Thomas' claims against them.

     Thomas made this argument to the district court and not once did it engage Thomas' argument,

see ROA.261-264; ROA.284-289; ROA.935-937; ROA.944-948.

     Please see the district court's rulings not once did they engage the argument above and that I

put forth in the filing on the valid service of the domestic individual defendants, see ROA.279-282;

ROA.310-311; ROA. 949-951.

     The district court was not being impartial as mandated by their federal statutory oath, 28 USC

453, therefore the district court lost all subject matter jurisdiction and by the district court not being a neutral decision maker in this case it is a violation of my due process rights and the district court is therefore stripped of their official capacity as judges in this case.

## Memorandum and Recommendation and the Order Adopting
## The Memorandum and Recommendation, Baek and Fris

The district court had no authority or subject matter jurisdiction to consider Baek and Fris motion to dismiss, because it was untimely served, Fris and Baek's Rule 12(b)(6) motion for due to be served upon Thomas, before August 15th, 2018 when their Answer was due, see ROA.7; special attention to #36.

Beneath Rule 12(b) (7) states, " A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. Therefore the 12(b)(6) motion is untimely served upon Thomas and the district court did not engage that argument, (just another example of impartiality).

Thomas was not provided notice as statutorily mandated under Rule 12(c), Thomas was not given the opportunity to be heard as statutorily mandated under Rule 12(i), therefore the district Court lost subject matter jurisdiction, because failure to adhere to statutory law is akin to lack of subject matter jurisdiction. **Old Wayne Mutual Associate v. McDonough**.

Thomas was not given notice or an opportunity to be heard, this violates Thomas rights to due process under the Fifth Amendment, which brings the district court in directly violative conflict with the United States Constitution and is therefore stripped of all its official capacity as a federal judge and all jurisdiction to act, because the district court is now acting in its individual capacity with no authority to act, therefore the district court's judgment has no legal force. **Scheuer v. Rhodes**.

By the district court not adhering to the Constitution of the United States and laws of the United States and not being impartial in this case, it is not adhering to it statutory oath under 28 USC 453 and has also lost all jurisdiction and authority to act. The Memorandum and Recommendation, ROA.338-342; and the order adopting the Memorandum and Recommendation, ROA.482;
is null and void.

There is no actual recording of the proceeding so it is null and void, **Sabariego et al v. Maverick** citing **Windsor v. McVeigh.** Also without a notice and an opportunity to be heard, no affect can be given to the M&R and AM&R. **Griffin v. Griffin** and **Assad v. Phelps.**

The district court lost jurisdiction without due notice, due notice is essential to jurisdiction 504 of all courts, as sufficiently it appears from the legal maxim, that no one shall be condemned in his person or property without notice and the opportunity to be heard in his defence, is a maxim of universal application, **Earle v. McVeigh, 91 U. S. Ct. 503, 23 L. Ed. 398 February 14th, 1876, 1873 U. S. Lexus 1374.**

The Memorandum and Recommendations and the order adopting the Memorandum and Recommendations is void because it is inconsistent with due process, **Oless Brumfield et al v. United States of America** citing **Williams v. New Orleans Pub. Serv. Inc., United Sates Aid Funds Inc. v. Espinosa.**

The district court erred when it did not fully and materially engage Thomas' argument in his filings on this issue, see ROA.329-331; ROA.343-346.

The Memorandum and Recommendation and the Order adopting the Memorandum and Recommendation is null and void.

### MEMORANDUM AND RECOMMENDATION AND THE ORDER ADOPTING THE MEMORANDUM AND RECOMMENDATION FOR THE RULE 37 MOTION TO DISMISS

The Memorandum and Recommendation and the Order Adopting the Memorandum and Recommendation is null and void, because the district did not adhere to the statue that requires a hearing, so the district court lost jurisdiction, the district did not adhere to the fact that it was mandated to award Thomas cost and attorney fees for defending the motion to dismiss under Rule 37. The Memorandum and Recommendation and the order adopting the Memorandum and Recommendation is null and void because there is actual recording of the proceedings.

**Federal Rule of Civil Procedure 37, Failure to make disclosures or to cooperate in discovery; Sanctions**

(a) motion for an order compelling disclosure or discovery

(5) Payment of Expenses; Protective Orders
(B) If the motion is denied.

If the motion is denied, then the court may issue any protective order authorized under rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the party or deponent who opposed the motion it reasonable expenses incurred in opposing the motion, including attorney fees, But the court must not order this payment if the motion was substantially justified or other circumstances makes an award of expenses

**unjust.**

The district court gave Thomas no hearing and gave Thomas no award of cost and attorney fees,

Thomas asked for $1200.00 and the district ignored that demand, but provided no legal reasoning for

dong so.

The district court lost its subject matter jurisdiction when it did not adhere to federal statute,,

Rule 12(c) motion for order on judgment,(notice) and Rule 12(i) an opportunity to be heard **Old Wayne**

**Mutual Associate v. McDonough** and **Scheuer v. Rhodes.**

Also there no no actual proof of the proceedings therefore the Memorandum and

Recommendation and the order adopting the Memorandum and Recommendation is null and void,

**Sabariego et al v. Maverick** citing **Windsor v. McVeigh.**

### MEMORANDUM and RECOMMENDATION and the order adopting the MEMORANDUM and RECOMMENDATION for SUMMARY JUDGMENT

The district court erred when it granted the employer motion for summary judgment on

Thomas' claims of age, race and sex discrimination, sexual harassment, hostile work environment, and

retaliation on its first set of claims that derived from the first internal complaint, see ROA.803-809. Also

for the race discrimination(disparate treatment) and retaliation, that derives from the second internal

complaint, see ROA.810-821.

The district court did not have the jurisdiction or authority to hear the employers' motion for

summary because it defenses were untimely and Thomas did not get notices of any of the employers'

defenses, until the employer filed them in its motion for summary judgment.

**Federal Rule of Civil Procedure 8, General Rules of Pleadings**

**(b) Defenses, admissions, and Denials**

**(1) In General, in Responding to a pleading a party must:**

**(A) State in short and plain terms its <u>defenses to each claim asserted against it</u>, and**

The employer did not put forth a defense  for each of Thomas' claims, see ROA.108-114.

Thomas sex discrimination claim, there is no defense to it, there is no same-sex defense put

forward, this is denying Thomas notice. As Thomas must put forth enough facts to make a prima facie

showing, the employer must put forth enough information to give Thomas notice on what their

defenses, are not just a blanket statement. Thomas was blindsided by the same- sex argument and was

not afforded notice and the opportunity to research that argument and the case law that surrounds it.

Race discrimination, at no time did the employer give Thomas notice in its answer, that Thomas

was not discriminated against because he never filled out an application, this defense was just sprung up

on Thomas with out giving Thomas notice and enough time to prepare.

Retaliation from the second set of claims, the employer did not state in its defenses that

Thomas' assignment was ended due a statement Thomas made about Steve Marshall.

Age discrimination the employer did not put forth the defense that there were no training

structure.

None of the defenses that Thomas is now defending in this brief, in the memorandum and

recommendation, and employers motion fro summary judgment were put forth in the employers'

answer and therefore Thomas did not get notice, which is essential to jurisdiction, **Earle v. McVeigh, 91 U. S. Ct. 503, 23 L. Ed. 398, February 14th, 1876, 1873 U. S. Lexus 1374, where it states, "Due notice to the defendant is <u>essential to jurisdiction</u> 504 of all courts , as sufficiently it appears from the legal maxim, that no one shall be condemned in his person or property without notice and the opportunity to be heard in his defence, is a maxim of universal application.**

The employers waived all these defenses in their motion for summary judgment and Memorandum and Recommendation.

Being heard that brings Thomas to the fact the employers filed a 12(b)(6) motion for failure to state a claim, this 12(b)(6) motion was not timely filed. It was to be filed before the employers' answer were due and it was not filed. Therefore for the employer to make a fail to state a claim motion, it would have had to be filed under Rule 12(c) Motion for judgment on the pleading, but the employer did not file it with its motion for summary judgment, regardless whether it be a Rule 12(b)(6) or Rule 12(c) motion, one important thing is required that did not take place, and that is a hearing. Rule 12(i) require a hearing whether a  12(b)(1)-(7) or 12(c) motion they  require a hearing. See ROA.884-885.

Rule 12(i) Hearing before trial, If a person so moves, any defenses listed in Rule 12(b)(1)-(70-whether made in a pleading or by motion- and a <u>motion under 12 (c) must be heard and decided before trial unless the court orders a deferral  until trial.</u>

The district court do not have jurisdiction over the employers' defenses for another reason and the Memorandum and Recommendation is null and void , because Thomas served and filed a Second

Amended  Verified Complaint, see ROA.135-145' and the employers never filed an answer(any defenses)

to it  as mandated by Rule 15(a)(3) ,Amendments Before Trial , unless the court order otherwise , any

required response to an amended pleading must be made within the time remaining to respond to the

original pleading or within 14 days after service of the amended pleading, whichever is later.

   The district court did not have jurisdiction to consider any of the defenses put forth by the

employer and/or the district court because no defenses wee served upon Thomas, once Thomas timely

filed his Second Verified Amended Complaint. See ROA.884-885.

   The Memorandum and Recommendation and the order adopting it is null and void and should

be vacated in its entirety, it too is absent and inconsistent of due process, no notice was given, no

hearing was conducted, the district court was not impartial, the district court did not adhere to federal

statutes, the district court did not engage Thomas' arguments fully and materially. The district court did

not address the question of its jurisdiction, each time raised by Thomas,

   **Griffin v. Griffin, Old Wayne Mutual Associate v. McDonough, Sabariego et al v. Maverick**

**citing Windsor v. Mcveigh, Assad v. Phelps, Oless Brumfield et al v. United States of America, citing**

**Williams v. New Orleans Pub. Serv. Inc., United States Aids Funds Inc, v. Espinosa, Earle v. McVeigh.**


   **Joyce v. U. S. , 474 F. 2d 215 (3rd Cir. 1973),** "There is no discretion to ignore "lack of

jurisdiction."

   **Rosemond v. Lambert, 469 F, 2d 416 (5th Cir. 1972),** "The burden now shifts to the Court to

prove its jurisdiction.

Rule 12(b)(1) lack of subject matter jurisdiction. This court has ignored and refuse to proves its jurisdiction during each filing in these proceedings.

### FINAL JUDGMENT

The Final judgment is null and void for all the reasons Thomas had stated within this Brief, it is inconsistent with due process, no hearings, no notices, and no neutral decision maker. It is also null and void due to the fact that the district court acted in violation of it federal statutory oath, 42 USC 453 and did not adhere to the United States Constitution and the laws of the United States. The district Court was not acting in its official capacity as judges, but as individual and had no jurisdiction or authority **Old Wayne Mutual  Associate v. McDonugh**  and  **Scheuer v. Rhodes** to issue this final judgment.

There was no procedural due process, in no notice and no hearing , therefore this process is inconsistent with due process and has no legal force. **Griffin v. Griffin**, **Assad v. Phelps**, **Earle v. McVeigh.**, **Oless Brumfield et al v. United States of America**, no. 14-31010 decided November 10th, 2015 citing **Williams v. New Orleans Pub. Serv. Inc.**, **United States Aids Funds Inc. v. Espinosa.**

The Memorandum and Recommendation and the order adopting the Memorandum and Recommendation is null and void because there is no actual proof of the proceedings, **Sabariego et al v. Maverick** citing **Windsor v. McVeigh.**

All of the Memorandum and Recommendations as well as the orders adopting them are null and void because they are inconsistent with due process, the district court did not have jurisdiction to act, or authority to act as outlined within Thomas' brief therefore the Final Judgment is null and void as well.

### MEMORANDUM AND RECOMMENDATION POST JUDGMENT

The Memorandum and Recommendation Post Judgment, ROA.949-951; is null and void because it is absent of all procedural due process, the district court did not adhere to its federal statutory oath in not even fully and materially engaging Plaintiff's Motion to Dismiss in Support of Plaintiff's Motion for Injunction, see ROA.923-943; and Plaintiff's Motion for Injunction, see ROA.944-948.

Thomas throughout the motions Thomas questioned the district court's subject matter jurisdiction Rule 12(b)(1) and its authority under Rule 65 asking the district court to stop trespassing upon the Court and stop enforcing null and void orders and judgments and the district court did not give Thomas a hearing as mandate under Rule 12(i) when a motion is filed under Rule 12(b)(1)-(7)  an opportunity to be heard is mandated.  Rule 12(b)(1) lack of subject matter jurisdiction the district court had no discretion to ignore the challenge to the district court's  jurisdiction.

Rule 12(h)(3) Lack of Subject- Matter Jurisdiction, "If the court determines at any time that its lacks subject matter jurisdiction, the court **MUST** dismiss the action.

Thomas was due a hearing on Thomas motion for injunction and on its motion to dismiss when it challenged the district court's jurisdiction, but the Court did not give Thomas a hearing and did not fully and materially engage Thomas' motions. Rule 65 mandates a hearing.

**Joyce v. U. S.,** "There is no discretion to ignore "lack of jurisdiction."

**Rosemond v. Lambert,** **469 F.2d 416 (5ᵗʰ Cir. 1972),** " The burden now shifts to the Court to prove its jurisdiction."

**Criterion Co. v. State,** "Challenge to courts jurisdiction is raised by motion to dismiss."

## CONCLUSION

Thomas is praying to this Court to vacate any and all Memorandum and Recommendations and any and all orders adopting the Memorandum and Recommendations, the final judgment and post judgment entered in this case, for any and all the reasons stated within.

Prayerfully Submitted

Michel Thomas

1127 Eldridge Parkway #300-167 Houston, Texas 77077/ 770-255-8917/ Date 05/07/2021

## CERTIFICATE OF SERVICE

I Hereby certify that a true and correct copy of Appellant's Brief and the Record of Excerpts was sent to the Appellees' attorney at One Allen Center, 500 Dallas Street # 3000 Houston, Texas 77002 via United States Postal Service Certified Mail with signed return receipt on 05/07/2021 .

Michel Thomas

## CERTIFICATE OF COMPLIANCE

I Michel Thomas hereby certify pursuant to Appellate Rule 32(a)(7) ,that Appellant's brief is in

compliance with this Court's line limitation of 1300. Appellant's brief has 1297 lines with in it  under this

Court's checklist.

Michel Thomas's

## CERTIFICATE OF SERVICE

I Hereby certify a true and correct copy of this certificate of compliance was sent to the

Appellees' attorney at One Allen Center, 500 Dallas Street #3000 Houston, Texas 77002 via United States

Postal Service Certified Mail with signed receipt on May 7th,  2021.

Michel Thomas