# CASE NO. 20-20505

_____

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**Michel Thomas,**

**Plaintiff-Appellant,**

**vs.**

**GRUNDFOS, CBS; MADS NIPPER; HENRIK CHRISTANSEN; JONATHAN HAMP ADAM; HENRI BAEK; ASTRID NORGAARD FRIS; STEVE MARSHALL; BILLY BAXTER; TERRY JALUFKA; CHAU NGUYEN; PADDI RIOPELLE; LONNIE PADILLA; THOMAS BRAUN LARSEN; GRUNDFOS AMERICAS; GRUNDFOS,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court
For the Southern District of Texas
Civil Action No. 4:18-CV-00557
Honorable Lee H. Rosenthal, District Court Judge**

_____

## BRIEF OF APPELLEES

_____

Michael D. Mitchell
Ogletree, Deakins, Nash,
    Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas  77002
713-655-5756 (Phone)
713-655-0020 (Fax)
michael.mitchell@ogletree.com
**ATTORNEY FOR APPELLEES**

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule l28.2.1 have an interest in the outcome of the case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

Plaintiff/Appellant
Michel Thomas

Defendants/Appellees
Grundfos Americas Corporation
Grundfos CBS, Inc.
Billy Baxter
Henrik Christiansen
Astrid Norgaard Friis
Jonathan Hamp-Adams
Terry Jalufka
Henrik Kirkelund Baek
Thomas Brun Larsen
Steve Marshall
Chau Nguyen
Mads Nipper
Lonnie Palla
Paddi Riopelle

Counsel for Defendants/Appellees
Michael D. Mitchell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

                                        /s/ Michael D. Mitchell
                                        Michael D. Mitchell

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellees believe the facts and legal arguments relevant to this appeal are adequately presented in the parties' briefs and in the record. The legal principles are neither novel nor complex and the facts are in most respects straightforward. Accordingly, Appellees assert oral argument is unnecessary in this case and respectfully request that the Court affirm the district court's rulings based on the briefs and record before it. However, should this Court determine that oral argument is necessary in this case, Appellees respectfully request to participate.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PARTIES ........................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS ......................................................................................... iv

TABLE OF AUTHORITIES ................................................................................... v

JURISDICTIONAL STATEMENT ........................................................................ 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................ 1

STATEMENT OF THE CASE ................................................................................ 1

    A. FACTUAL BACKGROUND ...................................................................... 1

    B. PROCEDURAL HISTORY ......................................................................... 4

SUMMARY OF ARGUMENT ............................................................................... 9

ARGUMENT ......................................................................................................... 10

    I.    This Court Lacks Jurisdiction to Review the Orders Entered More Than Thirty Days Prior to Thomas's Notice of Appeal ...................... 10

    II.    The District Court Did Not Abuse its Discretion in Denying Thomas's Postjudgment Motions .......................................................... 14

        A. STANDARD OF REVIEW ......................................................... 14

        B. THOMAS HAS NOT – AND CANNOT – SHOW ANY BASIS FOR FINDING THAT DENIAL OF RULE 60 RELIEF WAS SO UNWARRANTED AS TO CONSTITUTE AN ABUSE OF DISCRETION .............................................................................. 15

CONCLUSION AND PRAYER ........................................................................... 19

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                 **Page(s)**

*Ackermann v. U.S.*,
   340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)................................17

*Bahsoon v. Wells Fargo Bank, NA*,
   No. 3:12–CV–2017–D, 2013 WL 1831786 (N.D. Tex. May 1, 2013) ..............20

*Borne v. River Parishes Hosp., L.L.C.*,
   548 F. App'x 954 (5th Cir. 2013) ........................................................15

*Bowles v. Russell*,
   551 U.S. 205, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007) ...................................12

*Brittingham v. Wells Fargo Bank, N.A.*,
   543 F. App'x 372 (5th Cir. 2013) ........................................................13

*Browder v. Dir., Dep't of Corr. of Ill.*,
   434 U.S. 257, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978) .......................................11

*Carter v. Fenner*,
   136 F.3d 1000 (5th Cir. 1998) ............................................................18

*Colbert v. Brennan*,
   752 F.3d 412 (5th Cir. 2014) ..............................................................11

*Delgado v. Shell Oil Co.*,
   231 F.3d 165 (5th Cir. 2000) ..............................................................15

*Diaz v. Methodist Hosp.*,
   46 F.3d 492 (5th Cir. 1995) ................................................................15

*Duru v. TSPMG Kaiser Permanente Ga.*,
   No. 3:14-CV-3817-N-BN, 2015 WL 9243806 (N.D. Tex. Nov. 12,
   2015) ...........................................................................................19

*Frazier v. Wells Fargo Bank, N.A.*,
   541 F. App'x 419 (5th Cir. 2013) ........................................................18

*Frew v. Young*,
   No. 20-40541, 2021 WL 1153007 (5th Cir. Mar. 26, 2021) ........................11, 14

*U.S. ex rel. Gage v. Davis S.R. Aviation, L.L.C.*,
   613 F. App'x 445 (5th Cir. 2015) ...................................................................15

*Hesling v. CSX Transp., Inc.*,
   396 F.3d 632 (5th Cir. 2005) ............................................................17, 20

*Hess v. Cockrell*,
   281 F.3d 212 (5th Cir. 2002) ..........................................................................20

*Johnson v. Offshore Exploration, Inc.*,
   845 F.2d 1347 (5th Cir. 1988) ......................................................................17

*Longden v. Sunderman*,
   979 F.2d 1095 (5th Cir. 1992) ......................................................................18

*Morgan v. Davis*,
   698 F. App'x 231 (5th Cir. 2017) .................................................................11

*N.Y. Life Ins. Co. v. Brown*,
   84 F.3d 137 (5th Cir. 1996) ..........................................................................19

*Pi-Net Int'l, Inc. v. Staples, Inc.*,
   No. 213CV01016JRGRSP, 2017 WL 4750704 (E.D. Tex. June 5,
   2017) ..................................................................................................................19

*Quilling v. Schonsky*,
   247 F. App'x 583 (5th Cir. 2007) .................................................................20

*Seven Elves, Inc. v. Eskenazi*,
   635 F.2d 396 (5th Cir. 1981) ...................................................................15, 16

*Stancu v. Hyatt Corp./Hyatt Regency Dallas*,
   791 F. App'x 446 (5th Cir. 2019) .................................................................14

*Steverson v. GlobalSantaFe Corp.*,
   508 F.3d 300 (5th Cir. 2007) ...................................................................14, 20

*Stipelcovich v. Sand Dollar Marine, Inc.*,
   805 F. 2d 599 (5th Cir. 1986) ......................................................................20

*Ta Chi Navigation (Panama) Corp. S.A. v. U.S.*,
   728 F.2d 699 (5th Cir. 1984) ......................................................................17

*Toala v. Marriott White Lodging Corp.*,
    456 F. App'x 476 (5th Cir. 2012) ........................................................17

*Torres v. Lowe's Home Ctrs.*, L.L.C.,
    832 F. App'x 350 (5th Cir. 2021). ......................................................12

*Torres v. Oakland Scavenger Co.*,
    487 U.S. 312, 108 S. Ct. 2405, 101 L. Ed. 2d 285 (1988) .................12

*Tribbitt v. Wainwright*,
    462 F.2d 600 (5th Cir. 1972) .............................................................12

*Vela v. W. Elec. Co.*,
    709 F.2d 375 (5th Cir. 1983) .............................................................15

*Wije v. Stuart*,
    694 F. App'x 234 (5th Cir. 2017) ......................................................17

*Williams v. Brown & Root, Inc.*,
    828 F.2d 325 (5th Cir. 1987) ........................................................12, 15

*Williams v. Chater*,
    87 F.3d 702 (5th Cir. 1996) ..............................................................15

**Statutes**

28 U.S.C. §1291 ...................................................................................1

28 U.S.C. § 1331 ..................................................................................1

28 U.S.C. § 2107(a) ...........................................................................11

29 U.S.C. § 621 ("Age Discrimintion in Employment Act") ...............1, 4

42 U.S.C. § 1981 ......................................................................1, 4, 5, 6

42 U.S.C. § 2000(e) ("Civil Rights Act of 1964 Title VII") .................1, 4

Texas Labor Code Chapter 21 ("TCHRA") ...........................................4

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Appellant asserted claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and 42 U.S.C. § 1981.

This Court only has jurisdiction pursuant to 28 U.S.C. §1291 to review the Memorandum and Opinion on Postjudgment Motions. ROA.949-51. However, due to Appellant's failure to timely appeal any of the other orders by the District Court mentioned in his Brief, this Court does not have jurisdiction to review any prior orders by the District Court.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.    Whether this Court lacks jurisdiction to review the Final Judgment and any preceding Order of the District Court when the Appellant's Notice of Appeal was filed more than three months after entry of the Final Judgment.

2.    Whether the trial court abused its discretion in denying Thomas's Postjudgment Motions.

## STATEMENT OF THE CASE

### A.    FACTUAL BACKGROUND

Stafflink, Inc. d/b/a Link Staffing Services ("Link Staffing"), a staffing agency, hired Thomas in or about December 2014. ROA.647-48. Thomas attended orientation with Link Staffing and received the Field Staff Agreement, both of which covered information relating to Thomas's employment with Link Staffing and Link

1

Staffing's harassment policies. ROA.648-50, 700-03. The Field Staff Agreement specified that: "If [Thomas] believe[d] that [he has] been subjected to sexual harassment or a hostile work environment, [he] must immediately report the problem to the Human Resources Manager." ROA.700-03.

Link Staffing assigned Thomas to work at Grundfos CBS Inc.'s ("GCB") production facility in Brookshire, Texas (the "Facility"). ROA.646-47, 705. During his assignment with GCB, which started on or about December 14, 2014, Thomas worked in the Facility's Assembly Department. ROA.646, 705.

Approximately a year and a half into his assignment with GCB, Thomas submitted an internal complaint, dated June 14, 2016 (the "Internal Complaint"), to GCB. ROA.653-55, 671-72, 659, 709-14. Prior to his Internal Complaint, Thomas had not raised any complaints with GCB. ROA.662, 671-72. In his Internal Complaint, Thomas made a litany of accusations against his coworkers and supervisors, including that several of his coworkers had made inappropriate sexual comments and that GCB had hired employees who were not African-American and were under the age of 40 instead of him. ROA.709-14.

Upon receipt of Thomas's Internal Complaint, GCB promptly investigated Thomas's allegations. ROA.659-62, 706. GCB was unable to substantiate most of Thomas's allegations; however, it did corroborate, in part, Thomas's claim that two employees and one temporary worker made inappropriate sexual comments and/or

jokes to him. ROA.706, 709-14. As a result of the investigation's findings, GCB terminated the temporary worker's assignment at GCB, terminated one of the employee's employment, and demoted and issued a final warning to the other employee. ROA.673-74, 676, 706. GCB also issued written warnings to all employees in the Facility's Production Department, held training sessions with all employees and temporary workers on GCB's harassment policy and standards of conduct, and distributed "badge buddies" to the temporary workers, which provided instructions on: "What to do if you are subjected to harassing behavior while assigned to Grundfos." ROA.676-78, 706.

In July or August 2016, Thomas gave a copy of his Internal Complaint to Link Staffing and met with two Link Staffing employees to discuss his Internal Complaint. ROA.655. The Link Staffing employees gave Thomas a copy of the Field Staff Agreements and reminded him that he was supposed to bring any issues to Link Staffing before raising the issue with Link Staffing's clients. ROA.651-52, 655-59. On September 30, 2016, Link Staffing also sent Thomas a document regarding the provisions specific to GCB temporary workers (the "Temporary Workers Provisions"). ROA.682-84, 706, 716-19.

On or about October 17, 2016, Thomas approached Paddi Riopelle and Link Staffing employees at the Facility, and alleged that Steve Marshall, Vice President of Operations at the Facility, had been dismissed by one of his previous employers

due to sexual harassment. ROA.692, 694, 706. Thomas's comment was concerning and appeared to simply be an attempt to harm Marshall's reputation since Thomas had not reported any sexual harassment to Marshall and did not allege—and has never alleged -- that Marshall sexually harassed him in any way. ROA.669-70, 692-93. In fact, no one at GCB has ever alleged sexual harassment against Marshall. ROA.706. Accordingly, due to his inflammatory comments regarding Marshall, Thomas's assignment at GCB ended on October 18, 2016. ROA.706.

## B.  PROCEDURAL HISTORY

### 1.  Claims Against the Fourteen Defendants/ Appellees

Thomas commenced this employment action against Appellees on February 23, 2018. ROA.15-52. Thomas asserted age, race, religion, and sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981 ("Section 1981"), and Chapter 21 of the Texas Labor Code ("TCHRA") against GCB and Grundfos Americas Corporation ("GCI"). ROA.135-145. Thomas also asserted claims of race discrimination and retaliation under Section 1981, and a negligent supervision claim against twelve individually-named Defendants/ Appellees: Billy Baxter, Henrik Christiansen, Astrid Norgaard Friis (incorrectly named by Thomas as "Atrid Norgaard Fris"), Jonathan Hamp-Adams (incorrectly named by Thomas as "Jonathan Hamp-Adam"), Terry Jalufka, Henrik Kirkelund Baek, Thomas Brun

4

Larsen (incorrectly named by Thomas as "Thomas Braun Larsen"), Steve Marshall,

Chau Nguyen, Mads Nipper, Lonnie Palla (incorrectly named by Thomas as "Lonnie

Padilla"), and Paddi Riopelle. ROA.135-45.

2. <u>Motion to Dismiss by Individual Defendants/ Appellees Christiansen and Nipper</u>

On August 15, 2018, Christiansen and Nipper filed a Motion to Dismiss for

Lack of Personal Jurisdiction and Failure to State a Claim pursuant to Federal Rules

of Civil Procedure 12(b)(2) and 12(b)(6).  They argued that: (1) the Court lacked

personal jurisdiction over them because there was no evidence they had sufficient

minimum contacts with the state to support personal jurisdiction and exercising

personal jurisdiction over them would offend traditional notions of fair play and

substantial justice; (2) Thomas's Section 1981 claim against them failed as a matter

of law because there was no allegation that they participated in any alleged

discriminatory or retaliatory action taken against him; and (3) Thomas's negligent

supervision claim against them failed as a matter of law because they did not owe

him an independent duty because they did not work for the same employer.

ROA.157-73 .On September 14, 2018, Thomas filed his Response. ROA.182-85. On

September 24, 2018, Christiansen and Nipper filed their Reply. ROA.186-97. On

November 5, 2018, Magistrate Judge Bryan recommended that the Motion to

Dismiss be granted. ROA.237-44. On December 6, 2018, Chief Judge Rosenthal

adopted Judge Bryan's Memorandum and Recommendation and dismissed Thomas's claims against Christiansen and Nipper. ROA.245.

3. Motion to Dismiss by Eight Other Individual Defendants / Appellees

On January 4, 2019, Baxter, Hamp-Adams, Jalufka, Larsen, Marshall, Nguyen, Palla, and Riopelle filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), based on Thomas' failure to serve them. ROA.246-59. On January 28, 2019, Thomas filed his Response. ROA.261-75. On February 4, 2019, the eight individual Defendants Riopelle filed their Reply. ROA.276-78. On February 15, 2019, Judge Bryan recommended that the Motion to Dismiss be granted. ROA.279-82. On March 12, 2019, Thomas filed his Objections to Judge Bryan's Memorandum and Recommendation. ROA.284-89. On March 27, 2019, the eight individual Defendants responded to Thomas's Objections. ROA.294-97. On April 24, 2019, Chief Judge Rosenthal adopted Judge Bryan's Memorandum and Recommendation and dismissed Thomas's claims against those eight individual Defendants. ROA.310-11.

4. Motion to Dismiss of the Remaining Two Individual Defendants, Baek and Friis

On July 23, 2019, Baek and Friis filed a Motion to Dismiss Based on the Pleadings, arguing that: (1) Thomas's Section 1981 claim against them failed as a matter of law because there was no allegation that they participated in any alleged discriminatory or retaliatory action taken against him; and (2) Thomas's negligent

supervision claim against them failed as a matter of law because they did not owe him an independent duty, and Thomas did not allege that either Baek or Friis employed the alleged wrongdoers. ROA.320-37. On August 12, 2019, Thomas filed his Response. ROA.329-31. On August 19, 2019, Baek and Friis filed their Reply. ROA.332-35. On September 20, 2019, Judge Bryan recommended that the Motion be granted. ROA.338-42. On October 10, 2019, Thomas filed his Objections to Judge Bryan's Memorandum and Recommendation. ROA.343-46. On October 21, 2019, Baek and Friis responded to Thomas's Objections. ROA.347-52. On October 22, 2019, Thomas filed a Motion for Correction of Memorandum and Recommendation and the Order Adopting the Memorandum and Recommendation. ROA.353-57. On October 23, 2019, Judge Bryan denied Thomas's Motion. ROA.358. On February 4, 2020, Judge Rosenthal adopted Judge Bryan's Memorandum and Recommendation and dismissed Thomas's claims against Baek and Friis. ROA.482.

5.  <u>Motion to Dismiss of the Corporate Defendants</u>

On November 5, 2019, GCB and GCI filed a Motion to Dismiss under Federal Rules of Civil Procedure 37(d) and 41(b), after Thomas failed to adhere to Judge Bryan's Order. ROA.359-420; *see also* ROA.336-37. On November 22, 2019, Thomas filed his Response. ROA.421-46. On November 27, 2019, GCB and GCI filed their Reply. ROA.451-55. On December 4, 2019, Judge Bryan ordered

Thomas, once again, to provide certain discovery responses. ROA.456-63. On December 12, 2019, Judge Bryan recommended that the Motion to Dismiss be denied. ROA.467. On December 27, 2019, Thomas still filed Objections to Judge Bryan's Memorandum and Recommendation. ROA.468-69. On January 3, 2020, Chief Judge Rosenthal adopted Judge Bryan's Memorandum and Recommendation and denied GCB and GCI's Motion. ROA.472.

6. Motion for Summary Judgment of the Corporate Defendants and Final Judgment

On February 6, 2020, GCB and GCI filed a Motion for Summary Judgment, arguing that they were entitled to summary judgment on all of Thomas's claims against them. ROA.483-739. On February 24, 2020, Thomas filed a Motion to Strike, which Judge Bryan denied on February 26, 2020. ROA.747-51. On March 18, 2020, Thomas filed his Response. ROA.752-834. On March 25, 2020, GCB and GCI filed their Motion to Strike and Reply. ROA.835-844. On April 20, 2020, Thomas filed a Motion for Leave to File Surreply and his Response to GCB and GCI's Motion to Strike. ROA.846-60. On May 27, 2020, Judge Bryan recommended that GCB and GCI's Motion for Summary Judgment be granted. ROA.861-81. On June 12, 2020, Thomas filed his Objections to Judge Bryan's Memorandum and Recommendation. ROA.882-919. On June 17, 2020, Chief Judge Rosenthal adopted Judge Bryan's Memorandum and Recommendation, dismissed Thomas's claims against GCB and GCI, and entered the Final Judgment. ROA.920-22.

7. <u>Thomas' July 16, 2020 Motions</u>

On July 16, 2020, a month after Chief Judge Rosenthal entered Final Judgment, Thomas filed a "Motion to Dismiss in Support of Plaintiff's Motion for Injunction," requesting that the Court "vacate all the null and void judgment, orders, and proceedings, in accordance with Federal Rules of Civil Procedure (Rule) 60(b)(3) for fraud, 60(b)(4), void judgment, and or 60(b)(6) any reason that justifies relief." ROA.923-43. That same day, Thomas also filed a "Motion for Injunction pursuant to Federal Rules of Civil Procedure 65," seeking:

> "an order demanding Lee H. Rosenthal and Christina A. Bryan to cease and desist from trespassing upon the Court, to stop depriving Plaintiff of his due process rights, to stop conspiring with the defendants in this case and in the related in depriving me of my rights, and to stop enforcing all the null and void Memorandum and Recommendations and the Orders adopting the Memorandum and Recommendation, as well as all other orders and final judgments that have been entered in this case."

ROA.944-46. On August 25, 2020, Chief Judge Rosenthal entered a Memorandum and Opinion on Postjudgment Motions, denying Thomas's Motions and explaining that:

> "The motions challenging the judgment are without basis in Rule 60, Rule 65, or other grounds.
>
> ***
>
> The plaintiff is surely entitled to disagree with the court's rulings, and to challenge them on appeal. Rule 60 cannot substitute for an appeal, and none of the grounds for relief

9

> plaintiff invokes provide a basis for the court to vacate the previously entered judgment."

ROA.949-51.

More than three months after Chief Judge Rosenthal entered Final Judgment on June 17, 2020 (i.e., on September 23, 2020), Thomas filed his Notice of Appeal. ROA.952-55.

## SUMMARY OF ARGUMENT

Thomas improperly asks this Court to review orders from which he did not timely appeal. Federal Rule of Appellate Procedure 4(a) requires a notice of appeal to be filed within 30 days after entry of the judgment or order appealed from. Thomas's Notice of Appeal was filed more than three months after entry of the Final Judgment, rendering his Notice of Appeal as to the Final Judgment and any preceding Order untimely as a matter of law. Thomas's Rule 60 Motion did not extend his appeal deadline because it was filed more than 28 days after the Final Judgment was entered.

Additionally, Thomas did not file Objections to Judge Bryan's Memorandum and Recommendation regarding Christiansen and Nipper's Motion to Dismiss (ROA.237), which bars him from attacking the factual findings and legal conclusions on appeal.

Accordingly, this Court has jurisdiction to review only Chief Judge Rosenthal's August 25, 2020 Memorandum and Opinion on Postjudgment Motions

(ROA 949-951), which should be upheld because Thomas cannot show the denial of

his Motions was an abuse of discretion.

## **ARGUMENT**

## I.    **This Court Lacks Jurisdiction to Review the Orders Entered More Than Thirty Days Prior to Thomas's Notice of Appeal.**

This appeal is governed by Federal Rule of Appellate Procedure 4(a)(1)(A),

which requires that the notice of appeal be filed with the district court clerk within

thirty (30) days after the judgment or order appealed from is entered. Fed. R. App.

P. 4(a)(1)(A); *see also* Fed. R. App. P. 3(a); 28 U.S.C. § 2107(a). The purpose of the

rule is clear:

> "[T]o set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the statute would defeat its purpose."

*Browder v. Dir., Dep't of Corr. of Ill.,* 434 U.S. 257, 264, 98 S. Ct. 556, 561, 54 L.

Ed. 2d 521 (1978).

This timeliness requirement is a mandatory precondition to the exercise of

appellate jurisdiction. *Id.* ("The time limitation imposed by rule 4(a) is 'mandatory

and jurisdictional.'"); *Frew v. Young*, No. 20-40541, 2021 WL 1153007, at *2 (5th

Cir. Mar. 26, 2021) ("Thus, if an appeal is untimely, we lack jurisdiction to entertain

it."); *Morgan v. Davis*, 698 F. App'x 231, 232 (5th Cir. 2017); *Colbert v. Brennan*,

752 F.3d 412, 416 (5th Cir. 2014). The Court "may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S. Ct. 2405, 2409, 101 L. Ed. 2d 285 (1988). Likewise, the "Court has no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360, 2366, 168 L. Ed. 2d 96 (2007); *see also Tribbitt v. Wainwright*, 462 F.2d 600, 601 (5th Cir. 1972) (dismissing pro se plaintiff's appeal because he filed his notice of appeal after the maximum extended time period). An appellate court must examine the basis of its jurisdiction, on its own motion if necessary. *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 327 (5th Cir. 1987).

Chief Judge Rosenthal entered the Final Judgment on June 17, 2020, which disposed of all parties and all claims. ROA.922; *see Torres v. Lowe's Home Ctrs.*, L.L.C., 832 F. App'x 350, 351 (5th Cir. 2021). Thomas was required to file his Notice of Appeal within thirty days of the Final Judgment – i.e., by no later than July 17, 2020. Fed. R. App. P. 4(a)(1)(A). However, Thomas did not file his Notice of Appeal until September 23, 2020, more than three months after entry of the Final Judgment, thus rendering it untimely as a matter of law as it relates to the Final Judgment and any preceding Order. ROA.952-55. Accordingly, because of Thomas's failure to comply with Rule 4(a)'s mandatory and jurisdictional timeliness

requirement, this Court lacks jurisdiction to consider Thomas's appeal of the Orders on:

1. Christiansen and Nipper's Motion to Dismiss (ROA.245);

2. Baxter, Hamp-Adams, Jalufka, Larsen, Marshall, Nguyen, Palla, and Riopelle's Motion to Dismiss (ROA.310);

3. Baek and Friis' Motion to Dismiss (ROA.482);

4. GCB and GCI's Motion to Dismiss (ROA.472);

5. GCB and GCI's Motion for Summary Judgment (ROA.920); and

6. Final Judgment (ROA.922)

Any argument by Thomas that his Rule 60 motion extended his appeal deadline fails as a matter of law. A motion under Federal Rule of Civil Procedure 60 must be filed "**no later than 28 days after the judgment is entered**" to extend the time to file an appeal. Fed. R. App. P. 4(a)(4)(A)(vi) (emphasis added); *see also Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 373 (5th Cir. 2013) ("Plaintiffs failed to appeal the grant of summary judgment within the time required by Federal Rule of Appellate Procedure 4(a)(1). Their motion for Rule 60(b) relief did not extend the time to appeal the district court's grant of summary judgment, because Plaintiffs did not move for Rule 60(b) relief within twenty-eight days of the grant of summary judgment."). Thomas filed his "Motion to Dismiss in Support of Plaintiff's Motion for Injunction," wherein he cited to Rule 60, on July 16, 2020, 29

13

days after the Court's Order dismissing his claims against GCB and GCI and Final Judgment. ROA.920-43. Accordingly, Thomas's Motion could not and did not extend his appeal deadline. Therefore, this Court lacks jurisdiction to consider Thomas's appeal of the orders entered more than 30 days prior to his Notice of Appeal. *E.g., Frew*, 2021 WL 1153007, at *3 ("The May 7 motion for reconsideration—filed 30 days after the district court entered judgment—was therefore not filed "within the time allowed by" any of the applicable rules under which the motion could have been brought. Consequently, it failed to invoke Rule 4's tolling provision. Irrespective of how we construe plaintiffs' motion, it was untimely for purposes of Rule 4—it failed to toll the deadline to appeal the April 7 order. Accordingly, the August 13 notice of appeal was untimely, and we lack jurisdiction to review that order.").

Additionally, Thomas did not file Objections regarding Judge Bryan's Memorandum and Recommendation on Christiansen and Nipper's Motion to Dismiss. ROA.237. Therefore, Thomas has effectively waived any such objections. *Stancu v. Hyatt Corp./Hyatt Regency Dallas*, 791 F. App'x 446, 449 (5th Cir. 2019).

## II.    The District Court Did Not Abuse its Discretion in Denying Thomas's Postjudgment Motions.

### A.    Standard of review

The standard of review for denial of relief under Rule 60(b) motion is abuse of discretion. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007);

*Delgado v. Shell Oil Co.*, 231 F.3d 165, 182 (5th Cir. 2000); *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *U.S. ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 613 F. App'x 445, 447 (5th Cir. 2015). "It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion." *Williams*, 828 F.2d at 328 (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)). Further, appellate review of a denial of Rule 60(b) relief is extremely limited and must be narrower in scope than review of an underlying dismissal. *Vela v. W. Elec. Co.,* 709 F.2d 375, 376 (5th Cir. 1983); *Borne v. River Parishes Hosp., L.L.C.*, 548 F. App'x 954, 956 (5th Cir. 2013) ("[a Rule 60(b) motion] is an improper vehicle for challenging mistakes of law or reasserting arguments on the merits of a claim."). Therefore, this Court's review is limited to whether the trial court abused its discretion in denying Thomas's Rule 60(b) motion and it may not review the merits of the underlying appeal. *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996) ("[A]n appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

**B.    Thomas has not shown and cannot show any basis for finding that denial of Rule 60 relief was so unwarranted as to constitute an abuse of discretion.**

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A district court's consideration of a motion under Rule 60(b) should by guided the following factors: (1) final judgments should not lightly be disturbed; (2) a Rule 60(b) motion should not be used as a substitute for appeal; (3) the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (6) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Eskenazi*, 635 F.2d at 402. Rule 60(b) may not be used to provide an avenue for challenges of mistakes of law that should

ordinarily be raised by timely appeal. *Ta Chi Navigation (Panama) Corp. S.A. v. U.S.*, 728 F.2d 699, 703 (5th Cir. 1984); *see also Ackermann v. U.S.,* 340 U.S. 193, 199-200, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (finding Rule 60(b)(6) not available when the movant had voluntarily, deliberately, and freely chose not to appeal).

In his Brief, Thomas makes the conclusory statement that the District Court erred when it denied his July 16, 2020 "Motion to Dismiss in Support of Motion for Injunction", without providing any substantive argument. Appellant's Brief, p. 42. This skeletal argument, which really is nothing more than a bald assertion, does not preserve a claim. *Wije v. Stuart*, 694 F. App'x 234, 236 (5th Cir. 2017); *Toala v. Marriott White Lodging Corp.,* 456 F. App'x 476, 477 (5th Cir. 2012). In any event, Thomas failed to demonstrate that he was entitled to relief under Rule 60.

In his Motion, Thomas sought relief under Rules 60(b)(3) and 60(b)(4). ROA.923. In order to prevail under Rule 60(b)0(3), Thomas was required to establish not only that the Appellees engaged in fraud or other misconduct, but also that "this misconduct prevented the moving party from fully and fairly presenting [his] case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). The purpose of the rule is to afford parties relief from judgments that are unfairly obtained, not those which may be factually incorrect. *Johnson v. Offshore Exploration, Inc*., 845 F.2d 1347, 1359 (5th Cir. 1988). "A rule 60(b)(3) assertion must be proved by clear and convincing evidence, and the conduct complained of

must be such as to prevent the losing party from fully and fairly presenting its case." *Longden v. Sunderman*, 979 F.2d 1095, 1103 (5th Cir. 1992). Thomas did not specify any allegedly fraudulent act(s) or present any evidence to support his claim that the Appellees engaged in fraud, misconduct or misrepresentation. Thus, the District Court did not abuse its discretion in denying relief under Rule 60(b)(3).

Thomas also sought relief under Rule 60(b)(4). ROA.923. There are two circumstances under which a district court's judgment may be set aside under Rule 60(b)(4) as void: (1) if the district court lacked subject matter or personal jurisdiction over the case or (2) if the district court acted in a manner contrary to due process. *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). Thomas appears to aver that the District Court acted in a manner inconsistent with due process of law. He complains at various points that Judge Rosenthal and Judge Bryan violated due process rights by not providing notice to him, not holding a hearing, and not fully and materially engaging his arguments. Appellant's Brief, pp. 42, 98. However, his unfounded complaints fail to provide any support for relief under Rule 60(b)(4). "[D]ue process in civil cases includes neither the right to oral argument, nor the right to jury trial, but only the opportunity to be heard." *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 422 (5th Cir. 2013). Due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction, and even serious procedural irregularities during the course of the civil

case will not subject the judgment to collateral attack. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). Chief Judge Rosenthal and Magistrate Judge Bryan did not violate Thomas's due process rights. The Southern District Local Rules plainly provide that "[o]pposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel." LR 7.3. If Thomas wanted a hearing on any of the motions, he should have requested one from the District Court, which he did not. *See* LR 7.5.A, 7.8. Thomas cannot now complain that the District Court did not hold a hearing on any of the motions when he was not entitled to and did not request such. Thomas's arguments are insufficient to establish that he is entitled to relief under Rule 60(b)(4). *See Pi-Net Int'l, Inc. v. Staples, Inc.*, No. 213CV01016JRGRSP, 2017 WL 4750704, at *1 (E.D. Tex. June 5, 2017), *report and recommendation adopted*, No. 213CV01016JRGRSP, 2017 WL 4750706 (E.D. Tex. July 6, 2017) ("Her motion is devoid of relevant facts and instead replete with conclusory statements about the fairness of the proceeding, purported bias and collusion by the Court, infringement of fundamental rights, and equal access to justice. Thus…her motion fails to meet the burden of establishing that either Rule 60(b)(4) or 60(b)(5) applies."); *Duru v. TSPMG Kaiser Permanente Ga.*, No. 3:14-CV-3817-N-BN, 2015 WL 9243806, at *2-3 (N.D. Tex. Nov. 12, 2015), *report and recommendation adopted*, No. 3:14-CV-3817-N-BN, 2015 WL 9193286 (N.D. Tex. Dec. 17, 2015) ("Plaintiff's conclusory claim that her action

"was dismissed...without due process" does not entitle her to relief under Federal Rule of Civil Procedure 60(b)(4)…[and] she states no facts in support of her bias allegation, nor does she allude to any, other than that the Court has dismissed her action."); *see also Quilling v. Schonsky*, 247 F. App'x 583, 587 (5th Cir. 2007) (affirming denial of Rule 60(b) motion where there was "nothing in the record" to indicate lack of notice other than movant's allegation); *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12–CV–2017–D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (denying Rule 60(b) motion because plaintiff provided "no explanation" for her "purported failure to receive notice" and did not contest receipt of other court mailings; "where courts have granted Rule 60(b)(1) motions for lack of notice, the moving party has presented more than an unexplained and uncorroborated assertion that she lacked notice.").

Thomas failed to advance any separate ground for relief under Rule 60(b) that is not already covered by Rule 60(b)(3) and (b)(4). *See Hesling, Inc.*, 396 F.3d at 643 ("The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b)."). Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson*, 508 F.3d at 303 (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*

*v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Thomas's Motion to Dismiss and Motion for Injunction were simply an attempt to re-litigate issues that had already been rejected. He presented nothing more than his disagreement and unhappiness with the District Court's well-reasoned opinions dismissing his meritless claims against Appellees. Therefore, the District Court did not abuse its discretion in denying Thomas relief under Rule 60.

## CONCLUSION AND PRAYER

Each argument lodged by Thomas in this case is untimely and/or without merit. The arguments, authorities and record evidence cited herein establish that Chief Judge Rosenthal did not err in denying Thomas's "Motion to Dismiss in Support of Plaintiff's Motion for Injunction" and "Motion for Injunction." The District Court's dismissal of this case should be affirmed in all respects.

Respectfully submitted,

*/s/ Michael D. Mitchell*
Michael D. Mitchell
Texas SBN: 00784615
USDC SD/TX: 15330
Ogletree, Deakins, Nash,
     Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas  77002-4709
(713) 655-5756
(713) 655-0020 Fax
michael.mitchell@ogletree.com

**ATTORNEY FOR DEFENDANTS-APPELLEES**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June 2021, I sent a copy of the foregoing document via certified mail, return receipt requested and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Michel Thomas
1127 Eldridge Parkway, Suite #300-167
Houston, Texas 77077

*/s/ Michael D. Mitchell*
Michael D. Mitchell

## **CERTIFICATE OF COMPLIANCE**

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,877 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Fifth Circuit Rule 32.2.   The undersigned relied on his word processor to obtain that count.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface and double spaced using Microsoft Word for Windows, version 10 in Times New Roman font 14-point type face, with quotations over 2 lines and footnotes single-spaced and footnotes in 12-point type face.

*/s/ Michael D. Mitchell*
Michael D. Mitchell
Attorney for Defendants-Appellees

Dated: June 14, 2021